## Botnick v. Commonwealth.
(Decided Dec. 4, 1936.)

420

C. B. SPICER, J. B. WALL and FORESTER & SHEHAN for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

John Botnick challenges the regularity of a trial resulting in a one-year sentence for receiving stolen property.

The evidence is as follows: Mrs. Joe Dobos testified that on the night of November 9, 1934, her business establishment, located in the town of Cumberland, was broken into and three cases of whisky "worth about $150.00" were stolen. According to Joe Bolenski, who was working for appellant, "somebody stole the whiskey and they sell it to him." He saw the whisky there. It was all kinds. John told him to sell it in a glass, and he sold it in a glass. John also told him that the whisky belonged to Mrs. Dobos. He could not tell the kinds of whisky because there were so many he could not look at them. John told him to transfer the whisky from the original bottles into other bottles. He looked at about three cases. He first saw it in the back room. John told him not to put it on the shelves but to sell it in the back room. At the time he testified he was not working for John. John would not pay him, and he quit. On the other hand, appellant testified that he ran a hotel,

restaurant, and whisky and beer dispensary. No one else sold him the three cases of liquor. He already had between 300 and 400 gallons of liquor on hand. He never told Joe Bolenski that the whisky belonged to Mrs. Dobos or to take the three cases and transfer it into other bottles. He never had the three cases of liquor in his establishment. Joe Bolenski stole from him. Joe played cards and lost all the money and walked off and did not come back. There was further evidence that Joe Bolenski's reputation for truth and veracity was bad. The same witness testified that appellant's reputation at that time was good.

There is no escape from the conclusion that the evidence was sufficient not only to take the case to the jury but to sustain the verdict. If Joe Bolenski is to be believed, appellant told him that the whisky in the back room belonged to Mrs. Dobos, directed him to change the whisky from old bottles into new ones, and sell it by the glass, and further directed him not to sell it on the shelves but in the back room. It was thus shown not only that appellant was in possession of the stolen property, but that he actually knew that the property had been stolen.

In addition to instruction No. 2 on reasonable doubt, the court instructed the jury as follows:

"No. 1. If you shall believe from the evidence in this case to the exclusion of a reasonable doubt, that in Harlan County, Kentucky, and before the finding of this indictment, that the Defendant, John Botnick, did unlawfully, wilfully and feloniously receive from persons whose names are to the Grand Jury unknown, whiskey of various kinds, knowing that the same was stolen, then it will be your duty to find him guilty and fix his punishment at confinement in the State Penitentiary for a period of not less than one and not more than five years, in your discretion, according to the proof."

"No. 3. I may say that you are further instructed that the possession of any stolen goods by a Defendant should be of itself prima facie evidence of guilt."

In instructing the jury in criminal cases, it has never been deemed proper to assume any fact necessary to a conviction, but we have uniformly ruled that every

fact essential to a conviction for a felony be submitted to the jury. Before one charged with knowingly receiving stolen property may be convicted of a felony, the property stolen and received must be of the value of $20 or more. Kentucky Statutes, secs. 1199 and 1194. Instruction No. 1 authorized a conviction of a felony without regard to the value of the property received. It follows that the instruction is erroneous.

By instruction No. 3 the jury were told that the possession of any stolen goods should be of itself prima facie evidence of the guilt. It is true that section 1199, Kentucky Statutes, so provides, but, with certain exceptions not here material, it has never been deemed proper in this state to instruct on the weight of evidence, Smith v. Commonwealth, 122 Ky. 444, 91 S. W. 1130; Martin v. Commonwealth, 223 Ky. 762, 4 S. W. (2d) 419; or to call attention to any particular fact and indicate its importance, Commonwealth v. Delaney, 29 S. W. 616, 16 Ky. Law Rep. 509; or to single out specific facts or groups of facts and give them undue importance, Tines v. Commonwealth, 77 S. W. 363, 25 Ky. Law Rep. 1233; Murphy v. Commonwealth, 205 Ky. 493, 266 S. W. 33; Urban v. Commonwealth, 196 Ky. 775, 245 S. W. 852. Other courts take the position that, inasmuch as the inference to be drawn from the evidence is strictly a matter for the jury, the trial court should not instruct on the question. 17 R. C. L. p. 72; Gravitt v. State, 114 Ga. 841, 40 S. E. 1003, 88 Am. St. Rep. 63; Lehman v. State, 18 Tex. App. 174, 51 Am. Rep. 298. It follows that instruction No. 3 should not have been given.

Other alleged errors need not be considered, as it is not probable they will occur on another trial.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.