## Jones v. Commonwealth.

Oct. 27, 1942.

L. O. Siler for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Apparently without objection, O. C. Jones was tried under an indictment charging him with grand larceny and knowingly receiving stolen property. He was found guilty and his punishment fixed at three years in the pen-

itentiary. It is conceded that the evidence was sufficient to sustain a conviction on either count. Jones is urging that the judgment be reversed because the court erroneously instructed the jury.

The instruction to which complaint is first directed follows:

> "III. If you shall believe from the evidence, beyond a reasonable doubt, that the defendant, O. C. Jones, unlawfully, wilfully, feloniously and knowingly received the bicycle mentioned in the evidence from Lloyd Hall, knowing at the time that said bicycle had been stolen, you will find the defendant, O. C. Jones, guilty of the offense of receiving stolen property as charged in the indictment."

Before one charged with knowingly receiving stolen property may be convicted of a felony, the property stolen and received must be of the value of $20 or more. KRS 433.290, 433.220 (KS 1199, 2739g-58). While the first instruction which had to do with the charge of grand larceny properly referred to the value of the stolen article, this would not cure the defect in Instruction No. 3, because the jury may have concluded that Jones was not guilty under the first count, but was under the second, which also charged the commission of a felony. It was held expressly in Botnick v. Commonwealth, 266 Ky. 419, 99 S. W. (2d) 188, that an instruction authorizing a conviction of a felony, without regard to the value of the property received, was erroneous.

The last sentence of KRS 433.290 (KS 1199) provides:

> "The possession by any person of any stolen property shall be prima facie evidence of his guilt under this section."

Instruction No. 7 follows:

> "The possession of any stolen goods, under the law, shall be prima facie evidence of the guilt of the one accused."

Jones insists that this instruction virtually told the jury that he was guilty, because he admitted receiving the bicycle and disposing of it. Such an instruction was condemned in the Botnick case, supra. The opinion in that case amply sets forth the reasons for not instruct-

ing the jury on the weight of the evidence. See also Mabe v. Commonwealth, 279 Ky. 432, 130 S. W. (2d) 805. We might add also that KRS 433.290 (KS 1199) does not direct that the jury be instructed that the possession of stolen property shall be prima facie evidence of guilt. The provision is more in the nature of a guide to be followed by the trial judge in determining whether there is sufficient evidence to warrant the submission of a case to the jury.

It follows that the judgment should be and it is reversed, with directions to set it aside and for proceedings consistent with this opinion.