STATE OF NORTH CAROLINA v. EDDIE McGEE

No. 7318SC348

(Filed 13 June 1973)

1. **Criminal Law § 32; Narcotics § 3— possession and distribution statute — constitutionality**

    G.S. 90-95(f)(3) providing that possession of more than five grams of marijuana raises a presumption of possession with intent to distribute is constitutional.

2. **Narcotics §§ 1, 4.5— possession of more than five grams of marijuana — nonexistent offense — prejudicial instructions**

    Trial court's instruction that defendant could be found guilty of the illegal possession of marijuana with intent to distribute, guilty of the illegal possession of more than five grams of marijuana, or guilty of the illegal possession of less than five grams of marijuana was error since possession of more than five grams of marijuana does not constitute a separate offense, and that instruction, together with the failure of the court to instruct clearly on the effect of G.S. 90-95(f)(3), was so prejudicial as to entitle defendant to a new trial.

    Judge BROCK dissents.

APPEAL by defendant from *Seay, Judge,* at the 13 November 1972 Criminal Session of GUILFORD Superior Court (High Point Division).

By indictment proper in form defendant was charged with felonious possession of marijuana with intent to distribute on 23 June 1972. He pleaded not guilty, a jury returned a verdict of guilty as charged, and from judgment imposing 24 months prison sentence as a youthful offender, defendant appealed.

*Attorney General Robert Morgan by John M. Silverstein, Associate Attorney, for the State.*

*Schoch, Schoch, Schoch and Schoch by Arch K. Schoch for defendant appellant.*

BRITT, Judge.

All assignments of error brought forward and argued in defendant's brief relate to the court's instructions to the jury.

[1]  Defendant assigns as error the jury instruction applying the presumption created by G.S. 90-95(f)(3) which provides that the possession of more than five grams of marijuana from which the resin has not been extracted raises a presumption of

possession with intent to distribute. Defendant contends that said statute is unconstitutional. A similar contention was raised in *State v. Garcia,* 16 N.C. App. 344, 192 S.E. 2d 2 (1972), cert. den. 282 N.C. 427, 192 S.E. 2d 840, where we upheld the constitutionality of the statute and we deem it unnecessary to restate the reasoning set out in that opinion. The assignment of error is overruled.

[2]  By proper assignments of error, defendant contends the court erred in instructing the jury that he could be found guilty of a "non-existent" crime and in failing to provide instructions as to the effect of G.S. 90-95 (f) (3). The challenged instructions include the following:

> "As to the defendant McGee, you may find him guilty of the illegal possession of the controlled substance marijuana with the intent to distribute it, or you may find him not guilty of that and find him guilty of the illegal possession of more than five grams of marijuana, or you may find him not guilty of that and find him guilty of the illegal possession of less than five grams of marijuana, or you may find him not guilty, just as you find the facts to warrant from all the evidence in the case, applying thereto the law as given to you by the court."

Defendant argues that "possession of more than five grams of marijuana" does not constitute a separate offense. The point is well taken and we hold that the court erred in giving the quoted instruction as well as other instructions of like effect. While stated in a different context, the following words of Judge Brock in *Garcia* are applicable here: "The statutory provisions of which defendants complain merely constitute a rule of evidence for the establishment of a prima facie case; . . . ." In all fairness to the able trial judge in the instant case, we point out that our opinion in *Garcia* had not been published in the Advance Sheets at the time of the trial of this case.

The Attorney General argues, however, that if there was error in the instructions, the error was not prejudicial as defendant was found guilty of possession of marijuana with intent to distribute. Ordinarily this argument would be valid but in the case at hand there are strong indications that defendant was prejudiced by the instructions.

The chief purpose of a charge is to aid the jury to understand clearly the case and to arrive at a correct verdict. *Glenn v. City of Raleigh,* 246 N.C. 469, 98 S.E. 2d 913 (1957).

Defendant was tried jointly with another defendant charged with the same offense. Early in the charge, the court instructed the jury as follows:

> "Now, I charge you, members of the jury, that for you to find the defendants or either of them guilty of possessing the controlled substance marijuana with intent to distribute it, the State must prove these things beyond a reasonable doubt: First, that the defendant; that is, either the defendant Burton or the defendant McGee; that is, either of the defendants; specifically, as to that defendant, knowingly possessed the controlled substance marijuana— and a person possesses a controlled substance marijuana when he has either by himself or together with others both the power and intent to control the disposition or use of that substance; and, second, that the defendant or either of them intended to distribute the controlled substance; that is, to deliver or transfer it, the marijuana, to another or to others. And if you find beyond a reasonable doubt that the defendant McGee or the defendant Burton knowingly possessed the 15 grams of marijuana, you may infer that the defendant possessed it for the purpose of distribution. However, you are not compelled to do so. You will consider this evidence together with all the other evidence in the case in determining whether the State has proved beyond a reasonable doubt that the defendant McGee or the defendant Burton knowingly possessed the controlled substance marijuana with the intent to distribute it."

At no other place in the charge did the court instruct the jury with respect to the effect of the statutory presumption.

After the jury had deliberated for some period of time, they returned to the courtroom and requested further instructions. The foreman inquired as to which is the greater charge, "possession of less than five ounces, or grams?" The court replied: "They are charged in the bill of indictment with the offense of possession of a controlled substance marijuana with the intent to distribute, just simple possession of more than five grams or simple possession of less than five grams." The foreman then inquired: "If they have a simple possession of more than five grams, is that a misdemeanor or a felony?" The court refused to answer the question but advised the jury that they were not to concern themselves with the question of punishment as that was a matter for the court.

After further deliberation, the jury returned to the court-room and advised that they had agreed upon a verdict. The record discloses the following:

"CLERK: What say you as to the defendant McGee; do you find the defendant guilty of illegal possession of controlled substance marijuana with intent to distribute the same; guilty of possession of controlled substance marijuana in excess of five grams; guilty of simple possession of marijuana in an amount less than five grams; or, not guilty?

FOREMAN: We find him guilty of possession in excess, with intent to distribute.

CLERK: You say you find the defendant guilty of possession of the controlled substance marijuana, with intent to distribute the same?

FOREMAN: Yes."

We think the erroneous instructions, together with the failure of the court to instruct clearly on the effect of G.S. 90-95 (f) (3), were prejudicial to defendant, entitling him to a new trial.

New trial.

Judge BALEY concurs.

Judge BROCK dissents.