William WELLS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Jan. 10, 1978.

Frank W. Heft, Jr., Asst. Dist. Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Wells was convicted of first-degree assault, first-degree wanton endangerment, trafficking in a controlled substance (second offense), and several counts of receiving stolen property. He was sentenced consecutively on each offense for a total of 42 years of imprisonment. He appeals. We affirm in part and reverse in part.

On May 20, 1976, pursuant to a proper search warrant, police officers forcibly entered the vacant apartment of Wells and his girl friend, Sharon Bene. During the search, Wells and Bene came home. Believing that their apartment was being burglarized, Bene gave Wells a pistol. She remained in the car while he approached the apartment. There was conflicting testimony as to the sequence of events that took place at the entrance to the apartment. Wells testified that a hand holding a pistol appeared from behind the door and shot at him and that he returned fire in self defense. Officer Cline testified that he identified himself as a police officer and was then fired upon by Wells. There is no dispute that there was an exchange of gunfire which commenced at the apartment and ended in the parking lot outside of the building where Wells surrendered. During this affray a police officer was wounded. The search produced three one-gram bundles of powder containing heroin, assorted drug paraphernalia and numerous items of stolen property which were introduced in evidence at trial.

Wells assails his convictions on numerous grounds. Only two merit discussion.

I.

■ Wells complains of a part of the court's instructions on the receiving stolen property counts. The court instructed the jury on the rebuttable presumption of knowledge, embodied in KRS 514.110(2), that arises from the possession of recently stolen moveable property. To so instruct was prejudicially erroneous. Reversal of these convictions, and a new trial of these counts are required.

■ When the court tells the jury what presumption arises from certain stated facts, it invades the province of the jury. *Tines v. Commonwealth,* Ky., 77 S.W. 363 (1903). This rule applies to the statutory evidentiary presumption of guilty knowledge which arises from the possession of recently stolen moveable property. *Jones v. Commonwealth,* 291 Ky. 719, 165 S.W.2d 566 (1942); *Botnick v. Commonwealth,* 266 Ky. 419, 99 S.W.2d 188 (1936). The arguments of the Commonwealth do not persuade us to either abandon or modify this rule.

■ This rule of law is not to be confused with the permissible use of the presumptions embodied in KRS 189.520(4). These statutory presumptions are legislative substitutes for expert testimony devised for prosecutorial convenience in narrowly limited situations. They are not rules of law given by the court to the jury, but rather evidence which may be read without judicial comment, upon proper motion, in connection with the testimony concerning blood-alcohol content in driving while under the influence cases. As such they are the only presumptions of fact, essential to establish a crime, of which the trial court is permitted to inform the jury. *Overstreet v. Commonwealth,* Ky., 522 S.W.2d 178 (1975); *Marcum v. Commonwealth,* Ky., 483 S.W.2d 122 (1972).

II.

The following instruction was given on the charge of assault in the first degree:

"You will find the defendant, William Wells, guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt, all of the following:

(a) That in this county on or about May 21, 1976, and before the finding of this indictment herein, he inflicted serious physical injury upon Rodney Cline by shooting him with a pistol, a deadly weapon.

(b) That the injury was a serious physical injury;

(c) That in so doing, the defendant: (1) Intended to cause serious physical injury to Rodney Cline and that said pistol was a deadly weapon. Or, (2) Was wantonly engaging in conduct which created a grave risk of death to another and that he thereby caused Rodney Cline's injury under circumstances manifesting extreme indifference to the value of human life; And,

(d) That in so doing, the defendant was not justified."

 Wells correctly contends that he could have been convicted under this instruction if some of the jurors believed one interpretation of the evidence, that he acted intentionally, and if the remainder of them believed the other interpretation, that he acted wantonly. However, he incorrectly asserts that such a result would deprive him of a unanimous verdict and thereby violate his due-process right to proof beyond a reasonable doubt on each element of the offense. The 6th and 14th amendments of the United States Constitution do not require a unanimous verdict in criminal cases tried in state courts, and lack of unanimity among jurors does not violate the requirement of proof beyond a reasonable doubt. *Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); *Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972).

Section 7 of the Kentucky Constitution requires a unanimous verdict reached by a jury of twelve persons in all criminal cases. *Coomer v. Commonwealth,* Ky., 238 S.W.2d 161 (1951); *Cannon v. Commonwealth,* 291

Ky. 50, 163 S.W.2d 15 (1942). In conformity with this requirement, the court instructed the jury that their verdict must be unanimous. The issue now becomes whether a verdict is unanimous if jurors are split in their belief as to which of two alternative elements the evidence establishes when proof of either element alone would justify the conviction. This question was recently raised in *Eversole v. Commonwealth,* Ky., 550 S.W.2d 513 (1977), but was not properly before the court. We now deem it appropriate to dispose of this contention. Because we have not dealt with the merits of this question in the past, an examination of the decisions of other courts on this matter is influential.

Wells refers us to the rule in the State of Washington. Under its practice the instructions to the jury must clearly separate the two modes of commission and require unanimity on either of the alternatives before the jury can return a verdict of guilty. *State v. Golladay,* 78 Wash.2d 121, 470 P.2d 191 (1970); *State v. Parmenter,* 74 Wash.2d 343, 444 P.2d 680 (1968); *State v. Cadena,* 74 Wash.2d 185, 443 P.2d 826 (1968). Yet this practice does not require a particular clause to that effect in the "to convict" instruction. A general unanimity instruction is sufficient so long as the alternatives are clearly set forth elsewhere. *State v. Rogers,* 5 Wash.App. 347, 486 P.2d 1125 (1971); *State v. Mayner,* 4 Wash.App. 549, 483 P.2d 151 (1971). We are not persuaded to adopt either the reasoning or the result reached by the Washington courts which seem to represent the minority position among the states that have considered this matter.

The issue has often arisen in the context of first-degree murder cases in which the prosecution proceeds on either of two theories, premeditation or felony murder, as in *People v. Sullivan,* 173 N.Y. 122, 65 N.E. 989 (1903). There the jury was instructed on both theories of the case, which were supported by the evidence, either of which constituted the crime of first-degree murder. The verdict of guilty was attacked upon the grounds that the jurors could have

believed different interpretations of the evidence. The court responded at 65 N.E. 989, 990:

"It is not necessary that a jury, in order to find a verdict, should concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon either of two interpretations of the evidence, the verdict can not be impeached by showing that a part of the jury proceeded upon one interpretation and part upon the other. . . .

So in this case, it was not necessary that all jurors should agree in the determination that there was a deliberate and premeditated design to take the life of the deceased, or in the conclusion that the defendant was at the time engaged in the commission of a felony, or an attempt to commit one. It was sufficient that each juror was convinced beyond a reasonable doubt that the defendant had committed the crime of murder in the first degree as the offense is defined by statute."

The reasoning and result of *People v. Sullivan, supra,* have been followed in numerous other jurisdictions: *People v. Chavez,* 37 Cal.2d 656, 234 P.2d 632 (1951); *State v. Wilson,* 220 Kan. 341, 552 P.2d 931 (1976); *State v. Souhrada,* 122 Mont. 377, 204 P.2d 792 (1949); *Candy v. State,* 8 Neb. 482, 1 N.W. 454 (1879); *State v. Reyes,* 209 Or. 595, 308 P.2d 182 (1956); *State v. Hazelett,* 8 Or.App. 44, 492 P.2d 501 (1971); *State v. Flathers,* 57 S.D. 320, 232 N.W. 51, 72 A.L.R. 150 (1930). The rationale has also been applied to cases other than murder. *People v. Theodore,* 121 Cal.App.2d 17, 262 P.2d 630 (1953) (grand theft); *People v. Failla,* 64 Cal.2d 560, 51 Cal.Rptr. 103, 414 P.2d 39 (1966) (burglary).

■ We are convinced that the logic of *People v. Sullivan, supra,* is sound and applicable here. KRS 508.010 brings together two distinct culpable mental states (intent and wantonness manifesting extreme indifference to the value of human life) and punishes them equally under specified circumstances. Either mental state will support a conviction of assault in the first degree and punishment for such crime.

The legal effect of the alternative conclusions is identical. There was ample evidence to support a verdict on either theory of the case. We hold that a verdict can not be successfully attacked upon the ground that the jurors could have believed either of two theories of the case where both interpretations are supported by the evidence and the proof of either beyond a reasonable doubt constitutes the same offense.

The jury returned a verdict signed by the foreman. The jury was polled and each juror affirmed the verdict to be his own. Wells was convicted by a unanimous jury as required by Section 7 of the Kentucky Constitution.

The judgment of conviction of the counts of receiving stolen property is reversed and the cause is remanded for a new trial on these counts. In all other respects, the judgment is affirmed.

All concur.