COMMONWEALTH of Kentucky, Appellant,

v.

Paul Douglas COLLINS, Appellee.

No. 90–SC–523–DG.

Supreme Court of Kentucky.

Nov. 21, 1991.

Rehearing Denied Feb. 13, 1992.

---

Frederic J. Cowan, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellant.

Larry H. Marshall, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellee.

THOMAS E. SIMPSON, Special Justice.

On the 12th day of July, 1988, a Kentucky State Police helicopter, on a routine flight over Lee County, participating in the State Police's marijuana eradication program, spotted a patch of marijuana near a mobile home in what is referred to as the Blane's Branch area of Lee County. The troopers in the helicopter notified troopers on the ground of their find and the location. The troopers on the ground proceeded to the residence of the Appellee, which was located on the Blane's Branch Road. Upon arriving the troopers identified themselves and the purpose of their visit. The troopers then asked the Appellee if he was aware of the marijuana patch growing near his mobile home. The Appellee denied any knowledge of the marijuana patch. The troopers then requested permission to search the Appellee's mobile home and surrounding property, to which he voluntarily agreed. Upon searching the mobile home, the troopers did not find any marijuana or illegal drugs. They did, however, find a bag of fertilizer. The troopers also found one small withered marijuana plant growing in a styrofoam cup sitting on the ground a few feet from the corner of the Appellee's mobile home.

Down a hill from Appellee's mobile home, across a creek and up on the side of

another hill, some 300 to 400 feet from Appellee's mobile home, the state troopers found the patch of marijuana sighted from the air, consisting of 40 marijuana plants.

As mentioned before, the Appellee denied any knowledge of this marijuana patch and also denied any knowledge of the one marijuana plant in the styrofoam cup found at the corner of his mobile home. According to the testimony of the troopers, the Appellee denied having a garden at the time the troopers interviewed him and stated that the fertilizer was used on the yard.

The Appellee testified that he had been living in the trailer for approximately two years. The property upon which the trailer was located belonged to his sister. The property across the creek upon which the patch of marijuana was located did not belong to the Appellee's sister, but rather a neighboring property owner.

At trial, the Appellee again denied any knowledge of the marijuana patch or the one marijuana plant growing in the styrofoam cup near his trailer. He did state that he used the fertilizer on a tomato patch he planted down the road in the spring, but forgot about this tomato patch when being interviewed by the state troopers on the day of his arrest. At trial, the Appellee not only denied any knowledge of the marijuana patch, but stated upon direct examination, "No, I don't fool with it ...," when asked if he ever had any marijuana in his trailer.

At the close of all the evidence the Appellee requested an instruction on the lesser offense of possession of marijuana for the Appellee's own use. The Court denied the Appellee's request and instructed the jury on the felony offense of cultivating marijuana with intent to sell. The Appellee was convicted and sentenced to one year in the state penitentiary.

The Appellee appealed his conviction and the Court of Appeals reversed, finding that the Appellee was entitled to the misdemeanor instruction. The Commonwealth sought discretionary review to this Court which was granted. We reverse the Court of Appeals and affirm the Lee Circuit Court.

The major issue in this appeal is whether the Appellee was entitled to a misdemeanor instruction of cultivating marijuana for his own use, based on the law and the evidence produced at trial. The other issue raised by the Appellee is whether the trial court erred in omitting the word "knowingly" in the first paragraph of instruction 1.

The issue concerning the misdemeanor instruction will be addressed first.

This Court, like the Court of Appeals, believes that in order to properly resolve this issue, we must first come to grips with the legal effect of the statutory presumption contained in KRS 218A.990(6)(b), which at the time of the offense in the present case stated as follows:

"If any person knowingly and unlawfully plants, cultivates or harvests twenty-five (25) or more plants of marijuana, *it shall be presumed* that the plants of marijuana were planted, cultivated or harvested for the purpose of sale." (EMPHASIS OURS)

■ We agree with the Court of Appeals that the legal effect of the statutory presumption referred to above is to provide a guide for the trial court in evaluating a motion for directed verdict. When the presumption applies, there is a prima facie case of an intent to sell, thus constituting a question of fact for the jury based upon all the evidence. See Commentary to Palmore and Cooper, *Kentucky Instructions to Juries*, 4th ed., Section 7.59, *Jones v. Commonwealth*, Ky., 291 Ky. 719, 165 S.W.2d 566 (1942); *Mason v. Commonwealth*, Ky., 565 S.W.2d 140 (1978); and *Wells v. Commonwealth*, Ky., 561 S.W.2d 85 (1978); *State v. McGee*, 18 N.C.App. 449, 197 S.E.2d 63 (1973).

■ However, every element necessary to constitute the crime must be proven beyond a reasonable doubt by the prosecution. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). We further agree with the Court of Appeals that the statutory presumption contained in KRS 218A.990(6)(b) does not shift the burden of proof from the Commonwealth to the defendant, which would be a violation of the

due process clause of the United States Constitution espoused in *In re Winship, supra. Morrisette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

The instructions as submitted to the jury in the case at bar properly do not refer to the presumption. If they had, the jury might have interpreted such as conclusive or as shifting the burden of persuasion from the Commonwealth. Therefore, there are no due process violations in the instructions as submitted by the trial court.

 Now we turn to the specific issue of whether the Appellee was entitled to the misdemeanor instruction as so requested. Whether there was sufficient evidence at trial to entitle the Appellee to the misdemeanor instruction is a question of law to be decided by the trial court and ultimately by this Court. *Pace v. Commonwealth,* Ky., 561 S.W.2d 664 (1978). The law on this issue has been stated very succinctly in this Court's opinion in *Reed v. Commonwealth,* Ky., 738 S.W.2d 818 (1987). At page 822, Justice Lambert, writing for the majority, stated as follows:

Our law requires the Court to give instructions "applicable to every state of case covered by the indictment and deducible from or supported to any extent by the testimony." *Lee v. Commonwealth,* Ky., 329 S.W.2d 57, 60 (1959). It is irrelevant that the evidence from the parties does not indicate the need for a particular instruction. The determination of what issues to submit to the jury should be made based upon the totality of the evidence. *Rice v. Commonwealth,* Ky., 472 S.W.2d 512 (1971). And, as we said in *Trimble v. Commonwealth,* Ky., 447 S.W.2d 348, 350 (1969): When the prosecution adduces evidence warranting an inference of a finding of a lesser degree of the charged offense, the court should instruct on the lesser degree even though the defendant presents the defense of alibi.

See also *Harris v. Commonwealth,* Ky., 389 S.W.2d 907 (1965), and *Martin v. Commonwealth,* Ky., 571 S.W.2d 613 (1978).

*Reed, supra,* does not mean, however, that in every case the defendant is entitled to an instruction on a lesser included offense, a non-lesser included misdemeanor offense or such defenses as self-protection or mitigating defenses. There must be *some evidence* or as stated in *Reed, supra,* the requested instruction must be supported "... to any extent by the testimony...."

 Evidence supporting such an instruction does not necessarily need to come from the defendant himself, but may come from the prosecution, as was the case in *Reed, supra,* where we held that the testimony of a social services supervisor who testified for the Commonwealth presented sufficient evidence to entitle the defendant to the lesser instruction of sexual abuse in the second degree in a rape case.

 In the case not before us, we are unable to find evidence "... to any extent ..." which would justify the misdemeanor instruction, especially in light of the Appellee's own testimony that he had no knowledge of the marijuana in question until it was called to his attention by the state police on the day of his arrest and that he didn't "... fool with it...." We cannot accept the appellee's argument that the lack of proof on the part of the Commonwealth, of sales of marijuana or possession with intent to sell by the Appellee, substantiates the requested instruction. This argument goes more to the presumption issue and the Commonwealth's overcoming a directed verdict which has been discussed above.

We are not "plowing new ground" with our decision. This Court has previously found that the evidence does not warrant a lesser offense instruction or self-defense instruction in *Isaacs v. Commonwealth,* Ky., 553 S.W.2d 843 (1977) and *Commonwealth v. Sanders,* Ky., 685 S.W.2d 557 (1985). *Isaacs, supra,* dealt with the lesser offense instruction of sexual abuse in a rape case and *Sanders, supra,* involved the lesser offense of criminal trespass in a second degree burglary prosecution.

The second issue raised by the Appellee concerns the trial court omitting the word "knowingly" in the following instruction:

### INSTRUCTION NO. 1

"You will find the defendant guilty under this instruction if, and only if, you believe from the evidence and beyond a reasonable doubt, that in this county, on or about the 12th day of July, 1988, and before the finding of the indictment herein, the defendant was cultivating marijuana, twenty-five plants or more, for the ultimate purpose of sale."

The statute under which the Appellee was charged in this case is KRS 218A.990(6)(b), which states as follows:

"(b) If any person *knowingly* and unlawfully plants, cultivates or harvests twenty-five (25) or more plants of marijuana, it shall be presumed that the plants of marijuana were planted, cultivated or harvested for the purpose of sale." (EMPHASIS OURS)

The Appellee argues that since the word "knowingly" is contained in the statute, it should have been included in the instructions. We do not need to decide this issue, for we agree with the Court of Appeals that the Appellee did not preserve this issue for purposes of appellate review. The Appellee did not comply with RCr 9.54(2) which requires a party to make a specific objection to the giving or the failure to give an instruction before the Court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection, in order to preserve that issue for review on appeal. As this Court previously stated in *Commonwealth v. Duke*, Ky., 750 S.W.2d 432 (1988) at page 433: "... failure to comply with RCr 9.54(2) has been consistently held to prohibit review of an alleged error in instructions because of the failure to properly preserve the claimed error." *Commonwealth v. Thurman*, Ky., 691 S.W.2d 213 (1985).

This Court has also held that the tender of requested instructions and an argument on behalf of these instructions is not sufficient to preserve an issue of failure to give instructions for appellate review. *Evans v. Commonwealth*, Ky., 702 S.W.2d 424 (1986). The plain language of RCr 9.54(2) states that tendering instructions is permissive by use of the word "may" and not mandatory. However, the language of this rule is equally clear that in order to preserve the giving or failure to give an instruction as error for appeal, it is mandatory that an objection be made prior to the Court instructing the jury and further that the objection must be stated specifically together with grounds upon which the objection is made.

For the reasons stated herein, the opinion of the Court of Appeals is reversed and the judgment of the Lee Circuit Court is hereby re-instated.

STEPHENS, C.J., concurs.

LAMBERT, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents with separate opinion in which COMBS, J., concurs.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

I am at a loss to follow the logic of the Majority Opinion. KRS 218A.990(6)(b) provides that where more than 25 marijuana plants are "planted, cultivated or harvested" "it shall be presumed" that such was "for the purpose of sale." The Majority concedes the effect of this statutory presumption is to establish "a prima facie case of an intent to sell, ... a question of fact for the jury based upon all the evidence." Further, the Majority agrees with the Court of Appeals that this statutory presumption "does not shift the burden of proof from the Commonwealth to the defendant"; the Commonwealth must still satisfy the jury beyond a reasonable doubt of "every element necessary to constitute the crime." Logic demands that, given these operative principles, the statutory presumption does not prove conclusively *why* the marijuana was being cultivated, and the jury, if persuaded the appellant cultivated the marijuana but *not* further

persuaded beyond a reasonable doubt his purpose was to sell it, should have the option to convict him of the lesser included offense.

The Majority Opinion quotes language in *Reed v. Commonwealth*, Ky., 738 S.W.2d 818 (1987), carefully explaining that a criminal defendant is entitled to an instruction on a lesser included offense "deducible from or supported to any extent by the testimony"; that "[t]he determination of what issues to submit to the jury should be made based upon the totality of the evidence"; and that "the court should instruct on the lesser degree even though the defendant presents the defense of alibi." *Id.* at 822–23.

Here there was no extrinsic evidence proving the intent to sell, only the presumption. From the totality of the circumstances the jury could believe the appellant was guilty of cultivating the plants, but they were for his own use or some other purpose, and thus, if the option were available, could convict him of the lesser included offense of cultivating marijuana, a Class B misdemeanor. Either the statutory presumption is conclusive, or it is not. We have conceded that it is not, but the effect of our holding is to apply it conclusively.

The Commonwealth argues "there is not a shred of evidence to support the misdemeanor instruction." But the question is whether any state of affairs other than possession for sale could be deduced "based upon the totality of the evidence." *Reed v. Commonwealth*, quoted *supra*. Clearly it could have been. The appellant was not required to testify that he possessed the marijuana for his personal use before being entitled to a misdemeanor instruction. As the Commonwealth concedes, it is the Commonwealth's responsibility to prove each element of the greater offense beyond a reasonable doubt, and if the jury is not so convinced as to the element of sale, it should find the lesser offense which does not require an intent to sell.

The jury believed the appellant cultivated the plants. The effect of the failure of the trial court to instruct on the misdemeanor offense left the jury with no alternative but to convict of cultivation for sale or to acquit. Leaving out the lesser included offense amounted to a determination as a matter of law on the element of intent to sell. This violates the United States Supreme Court's mandate against conclusive presumptions in criminal cases. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

The Court of Appeals concluded, and quite properly, there was trial error in failing to give the misdemeanor instruction. We should affirm the Court of Appeals.

COMBS, J., joins.