Charles Richard **BINION**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 92–SC–109–MR.

Supreme Court of Kentucky.

Jan. 19, 1995.

Edward C. Monahan, Asst. Public Advocate, Frankfort, for appellant.

Chris Gorman, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Binion of first-degree rape and first-degree robbery. He was sentenced to 40 years in prison.

■ The principal issues are whether Binion was unfairly denied funds for a mental health expert and whether the mental health expert provided by the trial court was inappropriate to meet due process requirements. Five other issues are raised as follows: whether the trial judge was biased; whether jury selection was improperly performed by commissioners rather than a computer-generated list; whether there were improper instructions regarding the insanity defense; whether there was insufficient evidence of robbery and whether the first-degree robbery instructions were defective.

Binion, an indigent, admitted entering a Colortyme rental store in Winchester where he threw a glass ashtray at the clerk and then took money from the cash register and raped the young store clerk. He fled the state and was later apprehended by Florida police. Binion confessed to the robbery and rape and stated that he intended to rob the store when he first entered it, but did not decide to rape the victim until after he was in the store. Prior to trial, he indicated that he was going to present an insanity defense and the Kentucky Psychiatric Center was ordered to examine him to determine his competency to stand trial. He was found competent. This appeal followed his conviction.

The question of whether Binion was unfairly denied funds for his own defense mental health expert is the paramount issue. Binion argues that it was error for the state to refuse to provide funds for a mental health expert witness and that the mental health professional provided was inadequate. Clearly, Dr. Harwell Smith is a psychologist, not a psychiatrist. Dr. Smith found Binion competent to stand trial, and the trial judge then ordered another evaluation to determine if Binion was competent at the time of the crimes. The trial judge indicated that if it was determined that a question existed regarding Binion's sanity at the time of the crimes, he would grant the motion to provide a defense mental health consultant. The same psychologist examined Binion and found him to be "borderline mentally retarded and schizophrenic" with "signs of organic brain damage." The psychologist further found that psychosis "likely did play a significant role in motivating the rape" but determined that Binion did not lack substantial capacity to conform his conduct to the requirements of the law. Binion's only defense

was insanity. He presented a long history of mental illness and an I.Q. of 76.

Dr. Smith conducted an outpatient evaluation finding Binion competent to stand trial and recognizing that he had a juvenile and adult history of psychiatric treatment and hospitalization. Dr. Smith concluded that Binion functions verbally in a low normal range of intelligence. The trial judge overruled Binion's request for an independent defense mental health consultant. The trial judge ultimately determined that Binion had been provided with a neutral examination which he considered sufficient to meet due process requirements. Dr. Smith examined Binion again on the morning before the trial and determined that he was competent to stand trial.

The seminal case in considering this situation is *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), in which the United States Supreme Court determined that if sanity at the time of the offense is to be a significant factor at trial, the state must, at a minimum, assure the defendant access to a competent mental health expert who will conduct an appropriate examination and assist in evaluation, preparation and presentation of the defense.

The General Assembly has provided for expert mental health assistance for indigent criminal defendants through the enactment of K.R.S. 31.185. K.R.S. 504.070 and K.R.S. 504.080 provide for examination by either a psychologist or psychiatrist appointed by the court. Dr. Smith met the statutory qualifications required by the statutes. The statute provides in pertinent part that any defendant is entitled to the use of the same state facilities for evaluation of evidence as are available to the attorneys for the prosecution. If the attorney considers their use impractical, the court concerned may authorize the use of private facilities to be paid for on court order by the county. Under this statute the authorization to use private facilities paid for by public funds is a matter within the discretion of the trial judge based on a finding that the use of state facilities is impractical. *Hicks v. Commonwealth,* Ky., 670 S.W.2d 837 (1984). In *Ake,* the U.S. Supreme Court cited with approval, state statutes, including K.R.S.

31.185, which direct indigent defendants toward the use of state facilities. *See Ake,* 470 U.S. at 79 n. 4, 105 S.Ct. at 1094 n. 4.

Here, sanity at the time of the offense was the only issue at trial. The KCPC psychologist raised the issue of insanity which triggered the requirement of an appointment of a defense mental health expert pursuant to *Crawford v. Commonwealth,* Ky., 824 S.W.2d 847 (1992).

In this case, the Director of KCPC stated that it was incapable of acting in the capacity of a defense expert and that Dr. Smith testified under subpoena for the Commonwealth at trial. When cross-examined, Dr. Smith demonstrated an unfamiliarity with the mental health history of Binion and was generally unresponsive to questioning by the defendant's counsel.

Certainly, there was a reasonable basis on which to determine whether the indigent defendant was suffering from insanity or acting from a diminished capacity during the commission of the crime and that he was entitled to either the appointment of, or the funds necessary, to employ a competent mental health expert for assistance in the evaluation and presentation of his defense. K.R.S. 31.185 and K.R.S. 31.200.

The trial judge properly required Binion to submit to an initial evaluation through KCPC. If such an evaluation is conducted by a qualified mental health professional capable of making an accurate and impartial appraisal of the mental status of the patient, it can be of great assistance to the trial judge in determining whether the insanity defense is appropriate and whether further action is necessary. Here, the report itself, cataloged a variety of mental problems and experiences in the mental history of the defendant. There is a comment regarding the possibility of organic brain damage and anti-psychotic drugs had been previously required to control somatic delusions such as those the defendant was allegedly experiencing prior to and during the rape and robbery of the store clerk. All these factors tend to indicate the necessity for an extensive psychological or psychiatric examination. We must come to the conclusion that the trial judge did not

properly appreciate or interpret the necessity of inquiring further into the insanity of the defendant.

■ The appointment of Dr. Smith as a neutral mental health expert was insufficient to satisfy the constitutional requirement of due process because the services of a mental health expert should be provided so as to permit that expert to conduct an appropriate examination and assist in the evaluation, preparation and presentation of the defense. The benefit sought was not only the testimony of a mental health professional, but also, the assistance of an expert to interpret the findings of the expert used by the prosecution and to aid in the presentation of cross-examination of such an expert. The defendant was deprived of his right to a fundamentally fair trial and due process without such assistance. Cf. U.S. v. Sloan, 776 F.2d 926, 929 (10th Cir.1985).

This Court has previously explicitly recognized that indigent defendants are entitled under Ake to be provided with a psychiatrist to assist in building an effective defense. Hunter v. Commonwealth, Ky., 869 S.W.2d 719 (1994).

■ We are persuaded that in an adversarial system of criminal justice, due process requires a level playing field at trial. As noted in De Freece v. State, 848 S.W.2d 150 (Tex.Cr.App.1993), there is a need for more than just an examination by a neutral psychiatrist. It also means that there must be an appointment of a psychiatrist to provide assistance to the accused to help evaluate the strength of his defense, to offer his own expert diagnosis at trial, and to identify weaknesses in the prosecution's case by testifying and/or preparing counsel to cross-examine opposing experts.

We will now address the other issues raised in this appeal. The question of whether the trial judge was biased is essentially moot at this time. The issue was previously raised in a motion pursuant to K.R.S. 26A.020(1) and was properly denied.

■ Binion next argues that the jury selection was improper. In October of 1991, jury commissioners selected prospective jurors to serve during the November term of court. Effective November 15, 1991, the system involving jury commissioners was replaced with a computer selection system. The Supreme Court of Kentucky Administrative Procedures, Part II, Jury Selection and Management, Section 3. The new method made no provision for dismissing an existing commissioner-selected jury panel and replacing it with a computer-selected panel. The jury pool was properly chosen at the time of selection and was entitled to serve. There was no error.

■ Binion also claims that the instructions regarding insanity were insufficient and improper. K.R.S. 504.030 states that if a defendant is found not guilty by reason of insanity, the court shall conduct an involuntary commitment hearing. This issue is not properly preserved for appellate review. RCr 9.54(2) requires that a party must specifically object to a challenged instruction. Binion admits that he failed to comply with this rule. Such a failure has been consistently held to prohibit review of any alleged error in the instructions. Commonwealth v. Duke, Ky., 750 S.W.2d 432 (1988); Commonwealth v. Collins, Ky., 821 S.W.2d 488 (1991). There is no indication that Binion was prejudiced by any analysis of the statutory language or semantics.

■ As a part of this issue, Binion raises the consequences of a guilty but mentally ill verdict. At trial he objected to the giving of a guilty but mentally ill instruction. On appeal, Binion maintains that the trial judge erred in giving a guilty but mentally ill instruction over his objection. Commonwealth v. Elmore, Ky., 831 S.W.2d 183 (1992), rejected a similar argument holding that instructions may be given over the objection of the defendant. It was error for the trial judge to refuse to provide a definition of mental illness or mental retardation in the instructions. Here, Binion was prejudiced by not receiving such instruction. Dean v. Commonwealth, Ky. 777 S.W.2d 900 (1989). In view of our decision reversing this case, we believe that the failure to give such a definition will not be repeated upon retrial. See Mitchell v. Commonwealth, Ky., 781 S.W.2d 510 (1989).

Binion contends that the glass ashtray he threw at the victim does not constitute a dangerous instrument so as to require his conviction of first-degree robbery. Although a glass ashtray should not be considered a dangerous instrument per se, as it was used in this instance, it did constitute a dangerous instrument as constituted by K.R.S. 500.080(3). Ordinary objects have been found to constitute dangerous instruments when used in certain circumstances. *See Smith v. Commonwealth,* Ky., 610 S.W.2d 602 (1980). The ashtray crashed into the wall and shattered. This action placed the victim in danger of suffering a serious physical injury if it had struck her head or a glass fragment had become embedded in an eye.

The final argument of Binion is that the first-degree robbery instructions did not contain all the essential elements of first-degree robbery. This argument was not properly preserved for appellate review pursuant to RCr 9.54(2) which requires specific objections to an erroneous instruction. Binion admits that he failed to comply with the rule. *Duke; Collins, supra.* The issue is waived.

We reverse both convictions and remand this matter to the trial court for a new trial consistent with this Opinion.

All concur.