JOHNSON, JUDGE:
*168 Following trial, a jury found Ezekiel O. Akande, M.D., guilty of various offenses related to his billing practices for patients who were part of the Medicaid and Managed Care Organizations System ("Medicaid"). Akande now appeals from the judgment convicting him of those offenses and sentencing him to five years' imprisonment. After reviewing the record in conjunction with applicable legal authority, we reverse the judgment of the Pulaski Circuit Court.
BACKGROUND
In 2012, Akande began the practice of medicine in Kentucky, locating his office in Somerset. As part of his specialty in pain management, Akande treated patients who were part of the Medicaid system. Medicaid paid Akande based upon the services he provided each patient and, in addition, Akande could charge Medicaid for providing patients with smoking cessation counseling. In regard to payment for providing smoking cessation counseling, Medicaid authorizes payment to a physician for one rate if he counsels a patient for 3 to 10 minutes and a higher rate if he counsels the patient for more than 10 minutes. From 2012 to 2016, out of the more than $ 2 million Akande billed Medicaid, he received $10,228.84 for providing smoking and tobacco cessation counseling.
On July 6, 2016, the Pulaski County grand jury returned an indictment against Akande on two counts of theft by unlawful taking of property valued at $10,000 or more and two counts of Kentucky Medical Assistance Program fraud involving his billing for smoking and tobacco cessation counseling. After trial, the jury convicted Akande on count one of the indictment, unlawful taking of property valued at $10,000 or more,[2] and on count three, devising or engaging in a scheme to defraud the Kentucky Medical Assistance Program.[3] After a jury trial, the jury returned a verdict, acquitting Akande on counts two and four of the indictment, but finding him guilty on counts one and three of the indictment. In the course of the proceedings, Akande made a motion for a directed verdict of acquittal which was denied by the trial court.
On April 24, 2017, the trial court entered judgment sentencing Akande to five years in prison on count one and one year on count three, to run concurrently. The trial court declined to grant him probation or conditional discharge on the basis that it would unduly depreciate the seriousness of his crimes. On May 4, 2017, the trial court ordered Akande to pay $10,228.84 in restitution to the Kentucky Medical Assistance Program.
This appeal followed.
ANALYSIS
Akande raises four issues to support his contention that the judgment against him must be reversed: that no reasonable jury could convict him of Medicaid fraud; that the trial court erred in denying him a directed verdict on the issue of theft by unlawful taking; that the trial court erred in admitting the testimony of Dr. David *169 Hiestand, Chief Medical Officer at Aetna Better Health of Kentucky; and that the court erred in refusing to grant Akande's request for probation.
We shall first address his argument that no reasonable jury could convict him of Medicaid fraud and theft by unlawful taking. Akande was found guilty of violating KRS 514.030, theft by unlawful taking of property; and KRS 205.8463, Medical Assistance Program fraud. Each violation requires intent as an element of the crime for which he was convicted. The requirements for finding theft by unlawful taking are set forth in KRS 514.030 :
(1) Except as otherwise provided in KRS 217.181, a person is guilty of theft by unlawful taking or disposition when he unlawfully:
(a) Takes or exercises control over movable property of another with intent to deprive him thereof; or
(b) Obtains immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.
(Emphasis added).
The requirements for finding Medicaid fraud are set forth in KRS 205.8463 :
(2) No person shall intentionally, knowingly, or wantonly make, present, or cause to be made or presented to an employee or officer of the Cabinet for Health and Family Services any false, fictitious, or fraudulent statement, representation, or entry in any application, claim, report, or document used in determining rights to any benefit or payment.
(Emphasis added).
Akande argues that no reasonable jury could convict him of Medicaid fraud because there was no evidence that he ever submitted a bill to Medicaid with the intent to collect for services not rendered. Akande acknowledges that the evidence adduced at trial shows discrepancies between his treatment notes in patient medical records and the bills submitted by his billing service to Medicaid for those services. However, Akande points out that the record is devoid of any evidence that he knowingly required his billing service to submit incorrect bills or even knew of the mistake made by his billing service until he was indicted.
At trial the Commonwealth offered proof that Akande would see a Medicaid patient, ask a few questions concerning their smoking habits, and then note in the patient's file that he had counseled the patient for less than ten minutes. However, when Akande's bills were submitted to Medicaid for that service, the indicated that the patient had been counseled for more than ten minutes. This resulted in an overpayment to Akande from Medicaid. In addition, the Commonwealth offered proof that Akande's patient notes also indicated he counseled patients who were non-smokers and didn't need counseling. The Commonwealth offered proof that his practice continued for more than four years. These facts are undisputed.
Akande argues, however, that in order for the jury to find him guilty of Medicaid fraud pursuant to KRS 205.8463(2), or guilty of unlawful taking pursuant to KRS 514.030, the jury must find that he intentionally, knowingly, or wantonly overbilled the Cabinet for Health and Family Services with the intent to wrongfully obtain payment.
Akande points out that the Commonwealth produced no evidence at trial that he ever had knowledge of the incorrect billing submitted to Medicaid. Akande argues that the incorrect billing to Medicaid was the result of a computer glitch by his billing service. Akande states that that he did not review the billing before it was *170 submitted to Medicaid but points out that since he noted in the patient's file the correct charge should be for less than ten minutes, he assumed it was being correctly billed.
Akande insists that while his bills may have been incorrect, there was no proof that he intended to bill Medicaid for a service which he did not provide. Akande argues that since he never formed the requisite intent required under KRS 514.030 or KRS 205.8463, the jury could not find him guilty of Medicaid fraud or unlawful taking.
As used in KRS 205.8451 to 205.8483...
(4) "Intentional" or "intentionally" means, with respect to a result or to conduct described by a statute defining an offense, that a person's conscious objective is to cause that result or to engage in that conduct.
(5) "Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware that his conduct is of that nature or that the circumstance exists.
...
(11) "Wantonly" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.
KRS 205.8451.
To support his argument, Akande points to his notes in the patient records as proof that he correctly noted the charge. He argues that he had no further interaction with the billing service and therefore was not aware that his services were being incorrectly coded and billed to Medicaid. Since he never formed the intent to defraud Medicaid, Akande argues that the jury is could not find intent as required under the statute.
Akande argues that the Commonwealth failed to prove that it was his conscious objective to falsely submit invoices. It is the Commonwealth that bears the burden of proving intent. "[E]very element necessary to constitute the crime must be proven beyond a reasonable doubt by the prosecution." Commonwealth v. Collins , 821 S.W.2d 488, 490 (Ky. 1991). Here, based upon the evidence of record, it is clear that the Commonwealth failed in its burden.
Having reviewed the record, we find no evidence that demonstrates Akande intentionally instructed or even knew, that his billing service was submitting wrong billing statements to Medicaid. In fact, as Akande argues, the record supports that the billing errors were the result of a software error on behalf of his billing service. The Commonwealth introduced no proof that Akande ever reviewed the incorrect bills, nor that he had a duty to review them once he submitted his notes to the billing service. Further, Akande argues that the only problem Medicaid raised were the issues concerning his smoking cessation counseling bills. Those bills accounted for only $10,228.84 of the more than $2 million he billed to Medicaid, and none of his other bills were challenged.
Having reviewed the record, it is clear that the Commonwealth failed to carry its burden of proof showing intent on the part of Akande to defraud Medicaid on either count as charged, and we reverse the jury verdict on that issue.
*171 Because we are reversing the jury verdict, we find no reason to address the additional issues Akande raises on appeal.
CONCLUSION
Based upon the foregoing, we reverse the judgment of the Pulaski Circuit Court.
ALL CONCUR.

Kentucky Revised Statutes ("KRS") 514.030.

KRS 205.8463.