COMMONWEALTH of Kentucky,
Appellant

v.

Anthony Wayne SWIFT, Appellee.

No. 2006–SC–000155–DG.

Supreme Court of Kentucky.

Nov. 1, 2007.

Gregory D. Stumbo, Attorney General of Kentucky, Samuel J. Floyd, Jr., Assistant Attorney General, Frankfort, KY, Counsel for Appellant.

Albert William Barber, III, Owensboro, KY, Counsel for Appellee.

Opinion of the Court by Justice MINTON.

We granted discretionary review to determine the propriety of the Court of Appeals' decision that Anthony Wayne Swift's cultivation of marijuana conviction must be reversed because the trial court failed to give an instruction on the lesser-included offense of possession of marijuana. Because we agree with the Court of Appeals that the trial court erred by failing to give the possession of marijuana instruction, we affirm.

The facts essential to this appeal are uncontested. Two sheriff's deputies went to Swift's house to investigate an alleged domestic dispute. When the deputies arrived, Swift's wife and several others were having a heated argument in the front yard. At some point, Mrs. Swift indicated that she needed to go inside the house. A deputy accompanied Mrs. Swift into the house where he spotted a marijuana cigarette in an ashtray. A search warrant was then obtained. That warrant permitted the authorities to search Swift's home, a travel trailer parked in his yard, as well as any other vehicles or persons on the premises.

Ultimately, the search yielded six bags of marijuana and some pipes in the house; thirty marijuana plants and 172 potted marijuana seeds in the backyard; and almost two pounds of marijuana, as well as some methamphetamine, in a travel trailer located on Swift's property. Swift was indicted on one count of cultivating marijuana, more than five plants, while in possession of a firearm; one count of possession of drug paraphernalia while in possession of a firearm; one count of trafficking in marijuana, more than eight ounces, while in possession of a firearm; and one count of trafficking in a controlled substance (methamphetamine) in the first degree.

The charges against Swift proceeded to a jury trial. At trial, Swift testified that he was a longtime marijuana user and that the marijuana found in the house was his personal "smoke bag." And he claimed that he knew of the marijuana plants and seeds found in the yard, but he claimed that his stepson had placed the marijuana there. Swift denied any knowledge of the contents of the travel trailer, claiming that his stepson had been residing in it.

After the close of the evidence, the trial court instructed the jury on cultivation of marijuana (five or more plants); trafficking in marijuana (over eight ounces), as well as the lesser-included offense of trafficking in marijuana (less than eight ounces) and possession of marijuana;[1] trafficking in a controlled substance (methamphetamine) and the lesser-included offense of possession of a controlled substance (methamphetamine); and possession of drug paraphernalia. The jury

[1] The instruction on possession of marijuana was only as a lesser-included offense to trafficking in marijuana and bore no relationship to the cultivation of marijuana charge.

convicted Swift of cultivating marijuana (over five plants), trafficking in marijuana (over eight ounces), and possession of drug paraphernalia. But the jury acquitted Swift of possession of a firearm while committing the offenses. And the jury acquitted Swift of all methamphetamine-related charges.

In accordance with the jury's recommendations, the trial court sentenced Swift to five years' imprisonment on the cultivation of marijuana conviction, five years' imprisonment on the trafficking in marijuana conviction, and twelve months' incarceration and a $500 fine on the possession of drug paraphernalia conviction. Swift's cultivation and trafficking convictions were ordered to be served consecutively, for a total sentence of ten years' imprisonment.

Swift then appealed to the Kentucky Court of Appeals. Swift also filed a second appeal from a separate order forfeiting his property. The Court of Appeals denied Swift relief on all of his claims, except his claim that the trial court erred by failing to give a jury instruction on possession of marijuana as a lesser-included offense of cultivation of marijuana. Because that cultivation conviction could have affected the forfeiture order, the Court of Appeals also reversed the forfeiture order. The Commonwealth petitioned for discretionary review, raising as the only issue failure of the trial court to give a possession of marijuana instruction as a lesser included offense of the marijuana cultivation charge.

 A court generally is required to instruct a jury on all offenses that are supported by the evidence.[2] But a trial court does not need to give an instruction on a lesser-included offense if there is no evidentiary foundation for the instruction.[3] Rather, a trial court must give a lesser-included offense instruction "only if, considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that he is guilty of the lesser offense."[4]

 The Commonwealth contends that there was no evidence to support a finding that Swift was not guilty of cultivation of marijuana but was guilty of possession of marijuana. According to the Commonwealth, the Court of Appeals erred by holding that an instruction on possession of marijuana as a lesser-included offense of cultivation of marijuana was required. Swift responds that a juror could have found that he possessed the marijuana plants and potted seeds under a theory of constructive possession. We agree with Swift.

Kentucky courts have frequently embraced the concept of "constructive possession" of illegal narcotics, under which a defendant may be found to have possessed the narcotics even if the narcotics were not on the defendant's person.[5] In this case, Swift testified that he knew about the marijuana plants and potted seeds growing on his property. But Swift further testified that the plants and seeds were not his and

**2.** *See, e.g., Taylor v. Commonwealth,* 995 S.W.2d 355, 360 (Ky.1999).

**3.** *Houston v. Commonwealth,* 975 S.W.2d 925, 929 (Ky.1998).

**4.** *Id.*

**5.** *Id.* at 927 ("Since as early as 1972, Kentucky courts have utilized the concept of constructive possession to connect defendants to controlled substances."); *Leavell v. Commonwealth,* 737 S.W.2d 695, 697 (Ky.1987) (finding that defendant constructively possessed marijuana found in the trunk of a vehicle to which the defendant had the key).

that he was indifferent to their existence. So under the constructive possession theory, there was evidence from which a juror could have had a reasonable doubt that Swift "knowingly and unlawfully plant[ed], cultivate[d], or harvest[ed] marijuana with the intent to sell or transfer it[,]" [6] as required to commit the offense of marijuana cultivation, while simultaneously believing beyond a reasonable doubt that Swift "knowingly and unlawfully possesse[d] marijuana[,]" [7] because it was growing on his property with his knowledge, as required to commit the offense of possession of marijuana. Since one may possess marijuana without having planted, cultivated, or harvested it, we reject the Commonwealth's argument that "there could be no possession of the marijuana at issue here except for that which relates to cultivation."

Furthermore, in *Commonwealth v. Collins*, we implicitly held that possession of marijuana might be a lesser-included offense of cultivation of marijuana.[8] In *Collins*, we ultimately held that an instruction on possession of marijuana as a lesser-included offense of cultivation of marijuana was not warranted—not because possession of marijuana was not a lesser-included offense of cultivation of marijuana—because the defendant in *Collins* denied all knowledge of the marijuana's existence, meaning that there was no evidence to support a possession instruction.[9] In the case at hand, however, Swift openly admitted knowing about the marijuana plants and potted seeds. So *Collins* is readily distinguishable from the case at hand because, unlike *Collins*, the defendant himself admitted knowing about the marijuana plants and potted seeds. Under the evidence, a juror could have reasonably concluded that Swift did not cultivate the marijuana plants and potted seeds but did possess those items under the constructive possession doctrine.

■ Finally, we reject the Commonwealth's argument that the existence of evidence that conflicts with Swift's testimony, such as Swift's stepson's testimony that he had no knowledge of the marijuana, obviates the need for an instruction on marijuana possession as a lesser-included offense of marijuana cultivation. The fact that other evidence submitted to the jury could have undercut Swift's constructive possession theory did not eliminate the need for a jury instruction on possession as a lesser-included offense of cultivation because it is the jury's sole province and duty as the finder of fact to sift through the conflicting evidence and to determine what evidence to believe and what evidence to disbelieve.[10]

■ In short, we find that the Court of Appeals correctly determined that the trial court erred in not giving an instruction on possession of marijuana as a lesser-included offense of cultivation of marijuana. Furthermore, the trial court's failure to give a necessary lesser-included offense instruction cannot be deemed a harmless error.[11]

**6.** Kentucky Revised Statutes (KRS) 218A.1423(1).

**7.** KRS 218A.1422(1).

**8.** *Commonwealth v. Collins*, 821 S.W.2d 488, 491 (Ky.1991). *See also* 1 Cooper *Kentucky Instructions to Juries (Criminal)* § 9.23 (5th ed.2006) (listing possession of marijuana as a lesser-included offense of cultivation of marijuana).

**9.** *Collins*, 821 S.W.2d at 491.

**10.** *See, e.g., Carr v. Commonwealth*, 307 Ky. 207, 210 S.W.2d 778, 779 (1948).

**11.** *See, e.g., Webb v. Commonwealth*, 904 S.W.2d 226, 229 (Ky.1995) (holding that a

For the foregoing reasons, the decision of the Court of Appeals is affirmed; and this case is remanded to the trial court for proceedings consistent with this opinion.

LAMBERT, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, and SCOTT, JJ., concur.

SCHRODER, J., not sitting.

trial court's "[r]efusal to allow such an instruction [on a lesser-included offense], when supported by the evidence presented, constitutes reversible error."); 1 Cooper *Kentucky Instructions to Juries (Criminal)* § 1.05B ("Cases holding that if the defendant was convicted of the primary offense, a failure to instruct on a lesser included offense, or giving an erroneous instruction thereon, was harmless error probably have no present validity.") (internal footnote omitted).