# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 15, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2016-SC-000667-MR DATE 3/8/18 Kim Redmon, DC

GARY LUTTRELL                                                          APPELLANT

V.

ON APPEAL FROM ANDERSON CIRCUIT COURT
HONORABLE CHARLES R. HICKMAN, JUDGE
NO. 13-CR-00112

COMMONWEALTH OF KENTUCKY                                              APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

A jury found Gary Lee Luttrell guilty of murder; tampering with physical evidence, two counts; theft by unlawful taking, two counts; and criminal trespass, two counts. Luttrell pled guilty to being a felon in possession of a firearm. Following the jury verdict, the court sentenced Luttrell to a total of 60 years' imprisonment, per the jury recommendation. Luttrell appeals as a matter of right alleging the following errors: (1) the trial court's failure to remove a retired Kentucky State Police Trooper from the jury violated Luttrell's right to a fair and impartial jury; (2) the reckless homicide jury instruction misstated the law regarding imperfect self-protection; and (3) one conviction for tampering with physical evidence should be reversed because Luttrell did not

intend to impair the evidence's availability in an official proceeding. After careful review, we affirm.

## I. BACKGROUND

Luttrell married his wife, Leslie, in August 2012. Both Luttrell and Leslie used drugs throughout their relationship, except for a brief period of time when Leslie was in drug court. Leslie had previously met Steve Briscoe in 2000. They had an on and off relationship until Leslie married Luttrell. When Leslie's and Luttrell's relationship would become tumultuous, Leslie would stay with Steve.

In October 2012, while married to Luttrell, Leslie found out she was pregnant. Luttrell and Leslie moved in with Luttrell's mother, Sandra, and Sandra's husband, Roger, in Lexington. While staying with Luttrell's mother, Luttrell and Leslie had a fight, and Leslie sought refuge with Steve. Luttrell stayed with some friends, borrowed a Chevy Cavalier car from one of them, drank more than normal, and took several pain pills.

Luttrell purchased a shotgun as a present for his son's birthday. On September 13, 2013, before going to his son's birthday party, Luttrell went to get Leslie, who was still staying with Steve. Luttrell began having car trouble in the Chevy Cavalier, so he pulled over and popped the hood, parking about 100 yards from Steve's home.

Luttrell grabbed the shotgun, his son's birthday present, and started walking towards Steve's house because he heard arguing. Steve and Leslie were getting ready to leave in Steve's Camaro when Steve saw Luttrell with the

shotgun. Steve reached into the car, and according to Luttrell, Luttrell thought Steve was reaching for a gun. After telling Steve to "stop" and "don't do this," Luttrell shot Steve.

Luttrell and Leslie drove off in Steve's Camaro. After driving for a while, Luttrell pulled off the road next to a shed and threw the shotgun into a field. Luttrell raised the hood of the Camaro and unsuccessfully attempted to dismantle the car's GPS device. Leaving the Camaro in the shed, Luttrell and Leslie walked to Frank Brown's trailer (Brown property), where Luttrell fell asleep. Some people arrived at the trailer, so Luttrell and Leslie hid behind the barn, eventually stealing a bottle of water, some cigarettes, and a phone from one of the cars. Luttrell and Leslie continued to walk and ended up at another abandoned house (Monroe property) where they spent the night. Luttrell hotwired a tractor which they drove back to where Luttrell's car had stalled near Steve's house. Luttrell managed to get the car started. Luttrell and Leslie drove to a gas station, where an employee took pictures of Luttrell's car and called dispatch.

Luttrell and Leslie drove away, stopping at a house that was for rent. Leslie left Luttrell at that time. Luttrell later went to Chillicothe, Ohio to stay with his cousin and he was arrested by a detective with the Chillicothe Police Department.

A jury trial was held in September 2016. The jury found Luttrell guilty of the murder of Steve Briscoe, tampering with physical evidence for throwing the shotgun in the field, tampering with physical evidence for hiding the Camaro,

3

misdemeanor theft by unlawful taking for the Camaro, misdemeanor theft by unlawful taking for the tractor, misdemeanor criminal trespass on the Brown property, and misdemeanor criminal trespass on the Monroe property. Luttrell was acquitted of unlawful imprisonment of Leslie. The jury recommended a total sentence of 60 years, which the judge imposed. We set forth additional facts as necessary.

## II. ANALYSIS

### A. Failing to remove a retired Kentucky State Police Trooper from the jury did not violate Luttrell's right to a fair and impartial jury.

Luttrell first contends that he was denied the right to a fair and impartial jury when the judge refused to strike a retired Kentucky State Police (KSP) Trooper from the jury. Preservation of this issue is contested. Luttrell's counsel objected to the juror on the morning of the fifth day of trial. During the bench conference, Luttrell's counsel stated they had only discovered the problem the previous evening.

The Commonwealth argues, through its brief, that the Court cannot rule on this issue because (1) the defense's designation of the juror as the "KSP Trooper" made it impossible to discern whether the Trooper was actually seated on the jury and (2) the defense did not ensure the verified record for appeal included the juror qualification forms, making it impossible to determine whether the Trooper sat on the final jury. It is true that the juror qualification forms were not provided in the record before us. While we agree with the Commonwealth that it is the Appellant's responsibility to present a complete

4

record for review, we treat this issue as preserved as defense counsel did object, if albeit late, to the juror at trial.

"When there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, that juror shall be excused as not qualified." Kentucky Rule of Criminal Procedure (RCr) 9.36(1). "The trial court has the duty to evaluate the answers of prospective jurors in context and in light of the juror's knowledge of the facts and understanding of the law." *Stopher v. Commonwealth,* 57 S.W.3d 787, 797 (Ky. 2001). "Regardless of the juror's actual ability to render a fair and impartial verdict, Rule 9.36(1) mandates the removal of a juror if there is merely "a reasonable ground to believe" that he cannot render a fair and impartial verdict." *Sturgeon v. Commonwealth,* 521 S.W.3d 189, 194 (Ky. 2017). "The trial court's ultimate belief that a challenged juror "can conform his views to the requirements of the law and render a fair and impartial verdict" does not necessarily dispel a "reasonable ground to believe" otherwise, and thus does not satisfy the requirement of RCr 9.36(1)." *Id.*

Whether to exclude a juror for cause lies within the sound discretion of the trial court, and will not be reversed "unless the action of the trial court is an abuse of discretion or is clearly erroneous." *Hammond v. Commonwealth,* 504 S.W.3d 44, 54 (Ky. 2016) (citing *Ordway v. Commonwealth,* 391 S.W.3d 762, 780 (Ky. 2013)). "The trial court's decision to exclude a juror for cause must be based on the totality of the circumstances rather than a response to

5

any single question." *Id.* (citing *Fugett v. Commonwealth,* 250 S.W.3d 604, 613 (Ky. 2008)).

The trial judge conducted the portion of *voir dire* related to this issue. The judge asked two questions: (1) is anybody here a member of law enforcement; and (2) does anybody here have family or friends that are law enforcement. The retired KSP Trooper did not respond to either question. The judge subsequently asked if anyone was familiar with the area where the crime occurred. The KSP Trooper answered that he used to patrol the area for the county. No follow-up questions were asked by the judge or by the parties.

When brought to the judge's attention by defense counsel, the judge expressed concern with the retired Trooper not responding to the first two questions. While the judge found there to be opportunity for the Trooper to be forthcoming, the judge did not see intent to be deceptive because the questions could have been interpreted to apply to present time. Further, the judge reviewed the juror qualification forms and saw that the Trooper's background in law enforcement with the Kentucky State Police was clearly disclosed. The disclosure provided fair notice to both Luttrell and the Commonwealth, and the judge did not remove the Trooper for cause.

We hold that the Trooper's non-response to the first two questions was the correct response. The judge asked, "is anybody here a member of law enforcement." The Trooper did not answer because he was not a member of law enforcement; he was, in fact, retired. Law enforcement officers, like lawyers, learn to only respond to questions that are asked, not questions that

6

are implied. Here, the Trooper answered honestly, by not responding to the question at all. We find nothing in the record that indicates the Trooper was being dishonest or deceitful during *voir dire.*

We agree with the trial judge that the disclosure on the qualification form was fair notice to all parties. Further, Luttrell presented no evidence of bias other than the Trooper's history as a member of law enforcement. "Being a law enforcement officer is insufficient to excuse for cause from jury service." *Bowling v. Commonwealth,* 942 S.W.2d 293, 299 (Ky. 1997) (overruled on other grounds by *McQueen v. Commonwealth,* 339 S.W.3d 441 (Ky. 2011)). If being a current law enforcement officer is insufficient justification to be excused for cause from jury service, it is certainly true that being a retired member of law enforcement is insufficient as well. While we reiterate that the trial court should err on the side of caution by striking a doubtful juror, *Ordway v. Commonwealth,* 391 S.W.3d 762, 780 (Ky. 2013), we cannot say the trial court abused its discretion in failing to do so in this case. As such, we find no error in the failure to remove the retired KSP Trooper from the jury.

**B. The reckless homicide jury instruction misstated the law regarding imperfect self-protection, but such error was not palpable.**

Luttrell next claims that reversible error occurred in the rendering of the reckless homicide jury instruction. Luttrell maintains the law regarding the imperfect self-protection defense was misstated because it used language from the wanton standard rather than the reckless standard. This issue is not preserved, so we review for palpable error.

7

A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

RCr 10.26.

A palpable error must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings. Thus, what a palpable error analysis boils down to is whether the reviewing court believes there is a substantial possibility that the result in the case would have been different without the error. If not, the error cannot be palpable.

*Doneghy v. Commonwealth,* 410 S.W. 3d 95, 106 (Ky. 2013) (citing *Brewer v. Commonwealth,* 206 S.W.3d 343, 349 (Ky. 2006)).

Erroneous jury instructions are presumed to be prejudicial and the Commonwealth carries the burden of showing that no prejudice occurred due to the error. *Wright v. Commonwealth,* 391 S.W.3d 743, 749 (Ky. 2012) (citing *Harp v. Commonwealth,* 266 S.W.3d 813, 818 (Ky. 2008)). "The presumption may be rebutted by establishing that the error 'did not affect the verdict or judgment'." *Id.*

In the present case, the reckless homicide instruction stated as follows:

### Instruction No. 9
### RECKLESS HOMICIDE

If you do not find the Defendant guilty under Instruction No. 6 or Instruction No. 7 or Instruction No. 8, you will find the Defendant guilty of Reckless Homicide, under this Instruction if and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in Anderson County, Kentucky, on or about September 14, 2013 and before the finding of the Indictment herein, the Defendant killed Steven E. Briscoe by shooting him with a firearm;

AND

B. That in so doing, he was acting recklessly or as described in paragraph C.2 of this Instruction.

8

AND

C. That in so doing:

(1) He was not privileged to act in self-protection.

OR

(2) Though otherwise privileged to act in self-protection, the Defendant was mistaken in his belief that it was necessary to use physical force against Steven E. Briscoe in self-protection, or in his belief in the degree of force necessary to protect himself and that when he killed Steven E. Briscoe, he was **aware of and consciously disregarded** a substantial and unjustifiable risk that he was mistaken in that belief, and that his disregard of that risk constituted a gross deviation from the standard of care that a reasonable person would have observed in the same situation. (emphasis added).

Luttrell also received a jury instruction on second-degree manslaughter which read, in pertinent part, as follows:

... you will find the Defendant guilty of Second-Degree Manslaughter, under this Instruction if and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in Anderson County, Kentucky, on or about September 14, 2013 and before the finding of the Indictment herein, the Defendant killed Steven E. Briscoe by shooting him with a firearm;

AND

B. That in so doing, he was acting recklessly or as described in paragraph C.2 of this Instruction.

AND

C. That in so doing:

(1) He was not privileged to act in self-protection.

OR

(2) Though otherwise privileged to act in self-protection, the Defendant was mistaken in his belief that it was necessary to use physical force against Steven E. Briscoe in self-protection, or in his belief in the degree of force necessary to protect himself and that when he killed Steven E. Briscoe, he was **aware of and consciously disregarded** a substantial and unjustifiable risk that he was mistaken in that belief, and that his disregard of that risk constituted a gross deviation from the standard of care that a reasonable person would have observed in the same situation. (emphasis added).

It is clear that both the reckless homicide instruction and the second-degree manslaughter instruction contained the wanton standard for imperfect self-protection, with only second-degree manslaughter requiring a wanton *mens rea*. The reckless homicide instruction should have contained the ·

9

reckless *mens rea,* allowing the jury to find imperfect self-protection if it found that Luttrell failed to perceive a substantial and unjustifiable risk or was reckless in his belief in the need for self-protection or the degree of force needed. *See* Kentucky Revised Statute (KRS) 501.020; *Commonwealth v. Hager,* 41 S.W.3d 828 (Ky. 2001). Stated differently, a jury needs to determine whether a defendant was wanton or reckless in his or her belief in the use of self-defense to convict a defendant of reckless homicide based on the imperfect self-defense doctrine *only* if that jury determines that the self-defense doctrine first applies to prevent a murder conviction.

The trial court's error in including the wrong standard, however, is not fatal to Luttrell's conviction. The doctrine of imperfect self-defense limits the effect of a defendant's subjective belief in the need to use physical force when that belief is wantonly or recklessly held. *Elliott v. Commonwealth,* 976 S.W.2d 416, 420 (Ky. 1998). A jury finding imperfect self-defense does not acquit the defendant, but finds the defendant guilty of a lesser offense.

In order for the jury to convict a defendant of reckless homicide based on the imperfect self-defense doctrine, the jury must first conclude that the defendant was privileged to act in self-protection. Here, the jury rejected Luttrell's imperfect self-protection claim outright when it convicted him of intentional murder. There is no way a jury could have believed that Luttrell failed to perceive the "substantial and unjustifiable risk" involved in pointing a loaded shotgun at Steve Briscoe, and with pulling the trigger. Luttrell offers no

10

evidence that he did not understand the substantial risk that the death of the victim would result from his actions.

When a jury finds a defendant guilty of murder, that jury has concluded, among other things, that the defendant was not privileged to act in self-protection. So if a trial court fails to include a lesser-included offense instruction of reckless homicide based on the imperfect self-defense doctrine, no harm has occurred to the defendant if the jury has convicted the defendant of intentional murder.

There are conflicting opinions from this Court regarding whether or not the harmless error rule can cure the failure to instruct on a lesser-included offense. The traditional rule in the Court's older cases appears to be that harmless error does not remedy the defect, *Commonwealth v. Swift*, 237 S.W.3d 193, 196 (Ky. 2007); *Webb v. Commonwealth*, 904 S.W.2d 226, 229 (Ky. 1995); *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky. 2007), however, recent cases suggest that it can. *Bryan v. Commonwealth*, 2015-SC-000467, 2017 WL 1102825 (Ky. March 23, 2017). Because this case falls outside of that analysis, that consideration is left for another day.

Luttrell suffered no manifest injustice, and no palpable error occurred, from the reckless homicide and imperfect self-protection instruction. In spite of any error with the reckless homicide instruction, the jury, nevertheless, convicted Luttrell under the correctly phrased instruction of murder. The jury concluded that Luttrell was not entitled to the self-protection defense at all.

11

We do not believe the result would have been different in this case without the error. As such, the error cannot be palpable.

## C. Luttrell's conviction of tampering with physical evidence regarding the Camaro was properly supported by the evidence.

"No defendant may be convicted of a crime unless the prosecution proves every element of the charged offense." *Williams v. Commonwealth,* 486 S.W.3d 291, 297 (Ky. 2016). "The criminal defendant is denied due process of law if convicted upon less than proof of all elements of the crime." *Id.* (citing *Miller v. Commonwealth,* 77 S.W.3d 566, 576 (Ky. 2002)).

> A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he:
> (a) Destroys, mutilates, conceals, removes or alters physical evidence which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding; or
> (b) Fabricates any physical evidence with intent that it be introduced in the official proceeding or offers any physical evidence, knowing it to be fabricated or altered.

KRS 524.100.

Luttrell argues that his conviction for tampering with physical evidence, regarding the Camaro, violates due process because Luttrell did not intend to impair the availability of the Camaro in an official proceeding. Luttrell states he knew the Camaro would be found and that is why he was looking for the GPS device. His intent was to evade police, not to conceal the car. This issue is preserved. Luttrell moved for a directed verdict on the tampering charges, focusing on the shotgun. However, the judge overruled the motion for both tampering charges, so we will treat the issue as preserved.

12

On a motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purposes of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony. On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

In *Burdell v. Commonwealth*, the Court analyzed KRS 524.100 and the tampering statutes in other states. 990 S.W.2d 628, 632-33 (Ky. 1999). One who conceals or removes evidence of criminal activity contemporaneously with the commission of his crime commits the offense of tampering with physical evidence. *Id.* at 633. "The compelling logic is that one who has committed a criminal act and then conceals or removes the evidence of his crime does so in contemplation that the evidence would be used in an official proceeding which might be instituted against him." *Id.*

In contrast, this Court has held that merely leaving the scene of a crime with a weapon or instrumentality of a crime is not enough to support a tampering charge without evidence demonstrating an intent to conceal the evidence. *See Mullins v. Commonwealth*, 350 S.W.3d 434 (Ky. 2011); *McAtee v. Commonwealth*, 413 S.W.3d 608 (Ky. 2013); *Kingdon v. Commonwealth*, No. 2014-SC-000406-MR, 2016 WL 3387066 (Ky. June 16, 2016). "If the Commonwealth's inability to explain what happened to the weapon sufficiently

13

established a *prima facie* case of tampering with physical evidence, then the defendant could be found guilty unless he provided evidence to prove he had *not* 'destroyed, concealed, or disposed of' it." *Kingdon v. Commonwealth,* No. 2014-SC-000406, 2016 WL 3387066, at *1, *5 (Ky. June 16, 2016) (emphasis in original). In *McAtee,* the Court found the tampering conviction could not stand because there was no evidence the defendant put the murder weapon in an unconventional location or whether there was any evidence of an "additional act that would support intent to conceal (or otherwise 'tamper')." *McAtee,* 413 S.W.3d at 617.

This Court has consistently held that circumstantial evidence is enough to prove any element of a crime, including intent. *Early v. Commonwealth,* 470 S.W.3d 729, 736 (Ky. 2015). "Although circumstantial evidence 'must do more than point the finger of suspicion,' the Commonwealth is not required to render all other inferences unreasonable." *Id.* at 736-37 (internal citations omitted).

Analyzing the evidence in the light most favorable to the Commonwealth, we find the evidence sufficient for the jury to infer Luttrell's intent to impair the Camaro's availability in the proceeding, and we affirm the trial court's denial of Luttrell's motion for directed verdict. There is no question that after shooting Steve, Luttrell drove the Camaro and concealed it in the shed. Leslie testified at trial that when Luttrell drove the car to the shed, where he also threw the shotgun into the field, Luttrell had the hood of the Camaro raised looking for the GPS tracker. Presumably, Luttrell sought to remove the GPS tracker so the Camaro would not be found. Luttrell admitted in his testimony that he parked

14

the Camaro inside the shed. Luttrell did not leave the Camaro on the side of the road or in plain view. Kentucky State Police Detective Steven Spurlock testified that the Camaro was found in the shed. Detective Spurlock identified a photograph in which the keys to the Camaro were found on the ground outside the shed. From this evidence there arises a reasonable inference that Luttrell attempted to conceal the Camaro. As such, the evidence was sufficient for a jury to find Luttrell guilty of tampering with the Camaro.

### III. CONCLUSION

For the above reasons, the judgment of the Anderson Circuit Court is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Samuel N. Potter
Assistant Public Advocate
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Leilani K.M. Martin
Assistant Attorney General

15