RENDERED: JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1351-MR

SAMUEL L. GAMBREL                                             APPELLANT

|         | APPEAL FROM KNOX CIRCUIT COURT |
|---------|--------------------------------|
| v.      | HONORABLE GREGORY A. LAY, JUDGE |
|         | ACTION NO. 16-CR-00233         |

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Samuel Gambrel appeals the denial of his Kentucky

Rules of Criminal Procedure (RCr) 11.42 motion in which he alleged ineffective

assistance of trial counsel. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

Two confidential informants, Kenny Hoskins and
Michelle Philpot, were working with the Kentucky State

Police to buy illegal drugs. Hoskins, a paid informant, contacted Gambrel and arranged to purchase two oxycodone pills. Det. Tyson Lawson searched Hoskins and Philpot, wired Hoskins with a video camera, and gave Hoskins $115 to make the buy.

Gambrel picked up the informants at their home and drove them to Flat Lick, Kentucky, stopping for gas along the way. After a short drive, Gambrel pulled into a driveway where a camper was parked. Hoskins gave Gambrel the buy money, Gambrel exited the vehicle and walked to the camper. A few minutes later, Gambrel returned to the vehicle with two and one-half oxycodone pills and a syringe. Gambrel gave two of the pills to Hoskins. While sitting in the vehicle, Gambrel crushed the remaining one-half pill, prepared a syringe in which he placed the crushed pill, and injected himself. Using a smartphone, Gambrel confirmed the authenticity of the pills when Hoskins questioned what he had just bought. Gambrel then drove the informants back to their home, and Hoskins and Philpot delivered the two oxycodone pills to Det. Lawson.

Gambrel was indicted on a single count of first-degree trafficking in a controlled substance, second or subsequent offense.[1] At a one-day jury trial convened on April 18, 2017, a video of the drug buy was introduced through Hoskins. Jurors saw Gambrel approach the camper, step to the camper's open door, return with drugs for Hoskins, and prepare a syringe and inject himself with oxycodone. Jurors were instructed on trafficking and possession.

*Gambrel v. Commonwealth*, No. 2017-CA-000946-MR, 2018 WL 3491858, at *1

(Ky. App. Jul. 20, 2018).

---

[1] Kentucky Revised Statute (KRS) 218A.1412, a class C felony.

The jury found him guilty of the trafficking charge and sentenced him to ten years in prison. Gambrel then appealed to another panel of this Court, which affirmed the conviction. On March 22, 2019, Gambrel filed a *pro se* RCr 11.42 motion alleging multiple instances of ineffective assistance of counsel. On July 17, 2019, the trial court entered an order denying the motion without a hearing. This appeal followed.

## ANALYSIS

Before the trial court, Gambrel raised multiple issues regarding ineffective assistance of counsel; however, he only raises one issue on appeal. Gambrel argues that trial counsel was ineffective for failing to request a jury instruction for criminal facilitation. KRS 506.080 states:

> (1) A person is guilty of criminal facilitation when, acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime.
>
> (2) Criminal facilitation is a:
>
> > (a) Class D felony when the crime facilitated is a Class A or Class B felony or capital offense;
> >
> > (b) Class A misdemeanor when the crime facilitated is a Class C or Class D felony;
> >
> > (c) Class B misdemeanor when the crime facilitated is a misdemeanor.

Gambrel was charged with a class C felony, but facilitation of a criminal offense in this case would be a class A misdemeanor. The trial court held that trial counsel chose to argue that Gambrel merely possessed the oxycodone and did not sell it. The trial court held that this was a sound trial strategy and not seeking a facilitation instruction was part of that strategy. The trial court also held that, based on the evidence presented at trial, Gambrel was not entitled to a criminal facilitation instruction.

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance

on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id.*, 466 U.S. at 691-92, 104 S. Ct. at 2066-67 (citations omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be

considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689-90, 104 S. Ct. at 2065 (citations omitted).

We conclude that the trial court did not err in denying Gambrel's RCr 11.42 motion. We agree with the trial court that Gambrel would not have been entitled to a facilitation instruction; therefore, Gambrel's trial counsel was not ineffective for failing to request such an instruction. "A court generally is required to instruct a jury on all offenses that are supported by the evidence. But a trial court does not need to give an instruction on a lesser-included offense if there is no evidentiary foundation for the instruction." *Commonwealth v. Swift*, 237 S.W.3d 193, 195 (Ky. 2007) (footnotes and citations omitted).

To traffic in a controlled substance means to "manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance[.]" KRS 218A.010(56). On the other hand, "[f]acilitation reflects the mental state of one who is 'wholly indifferent' to the actual completion of the crime." *Springfield v. Commonwealth*, 410 S.W.3d 589, 595-96 (Ky. 2013) (citations omitted). Here, Gambrel "was fully aware that he was in fact obtaining and selling drugs. He did not provide another person the 'means or opportunity' to commit a crime; he, instead, committed a crime himself." *Id.* at 596. Gambrel was not wholly indifferent to the completion of the

-6-

crime; he participated at every step. He drove the confidential informants to the location of the drugs, used their money to buy the drugs, and distributed the drugs to them.

## **CONCLUSION**

Based on the foregoing, we affirm the judgment of the trial court. The court did not err in denying Gambrel's RCr 11.42 motion because he would not have been entitled to a facilitation instruction based on the evidence presented at trial.

ALL CONCUR.

BRIEF FOR APPELLANT:

Stephanie A. Trantham
Pineville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky