42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Allen MONEYMAKER, Petitioner-Appellant,
v.
Walter CHAPLEAU, Warden, Respondent-Appellee.
 No. 93-6566.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before RYAN and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1984, a Kentucky jury found Jerry Allen Moneymaker guilty on three counts of first-degree assault and one count of first-degree burglary. Moneymaker was sentenced to serve sixty years in prison. The Kentucky Supreme Court affirmed Moneymaker's conviction in an unpublished opinion dated April 11, 1985, and Moneymaker's post-conviction collateral challenge to his conviction was denied.
 
 
 3
 In his petition for habeas relief, Moneymaker claimed that: 1) he was denied the right to confront a witness against him; 2) he was denied a jury instruction on a lesser included offense; 3) he was denied due process and a unanimous verdict due to the trial court instructing the jury on both intentional and wanton assault; 4) he received ineffective assistance of trial counsel; 5) he received ineffective assistance of post-conviction counsel; and 6) he was denied due process due to the admission of perjured testimony. The case was submitted to a magistrate judge who recommended that Moneymaker's petition for a writ of habeas corpus be denied. Over Moneymaker's objections which only addressed his first three enumerated claims, the district court adopted the magistrate judge's report and recommendation in its entirety and dismissed the habeas petition. In his timely appeal, Moneymaker reasserts his first three claims but fails to raise his claims enumerated 4 to 6.
 
 
 4
 Moneymaker has waived three of his original arguments. Although he raised timely objections to the magistrate judge's report and recommendation, he did not include any issues involving ineffective assistance of trial or appellate counsel, or of being denied due process of law by the admission of perjured testimony (habeas corpus petition issues 4, 5 & 6). Even if timely objections are filed, appellate review of any issue not contained in the objections is waived pursuant to Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, Moneymaker did not raise these same three issues on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Upon review of the remaining three claims, we conclude that the district court properly dismissed the habeas petition because Moneymaker failed to show that he received a fundamentally unfair trial resulting in his unjust confinement. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 First, Moneymaker argues that the trial court erroneously failed to instruct the jury on a lesser included offense. An instruction on a lesser included offense is required under the Due Process Clause only when the evidence would warrant a finding of guilty on the lesser included offense, and an acquittal on the grater offense. United States v. Levy 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991). The evidence in this case simply did not warrant an acquittal on the greater offense of burglary, and thus, Moneymaker was not denied due process of law by the trial court's failure to instruct the jury on the lesser included offense of criminal trespass.
 
 
 7
 Second, Moneymaker argues that the trial court improperly instructed the jury on intentional and wanton assault. In order for habeas corpus relief to be warranted on the basis of incorrect jury instructions, a petition must show more than that the instructions are undesirable, erroneous or universally condemned; taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). The instruction in this case was not undesirable, erroneous or universally condemned. Ample evidence existed to support a verdict on either wantonness or intent. Since the existence of both culpable mental states is supported by the record, and the proof of either beyond a reasonable doubt constitutes the same offense, see Wells v. Commonwealth, 561 S.W.2d 85, 87 (Ky.1978); Ky.Rev.Stat.Ann. Sec. 508.010 (Baldwin 1984), the trial court did not err.
 
 
 8
 Finally, Moneymaker argues that the trial court improperly refused to allow him to cross-examine his ex-wife on her marital conduct. However, an issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fair trial. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988); Logan v. Marshall, 680 F.2d 1121, 1123 (6th Cir.1982). This issue does not rise to this level to warrant habeas review.
 
 
 9
 Moneymaker's ex-wife testified that during their marriage and subsequent to their separation she had done everything she could to get along with him. Defense counsel wanted to ask her about her conduct during the marriage in an effort to impeach her testimony. The trial court sustained the state's objection on the basis that the testimony would be irrelevant and constitute an impeachment on a collateral issue. The district court did not err in denying Moneymaker habeas relief on this issue. Nothing contained in the record indicates that Moneymaker sought to lessen his culpable state of mind by alleging that his ex-wife's conduct caused him to commit burglary and assault. Therefore, the testimony was wholly irrelevant and refusal to admit it into evidence did not deny Moneymaker a fair trial.
 
 
 10
 Accordingly, the district court's judgment dismissing Moneymaker's petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.