**Troy EVANS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1999–SC–0693–DG.

Supreme Court of Kentucky.

Jan. 25, 2001.

Irvin J. Halbleib, Appellate Public Advocate, Louisville, for Appellant.

A.B. Chandler III, Attorney General of Kentucky, Ian G. Sonego, Assistant Attorney General, Criminal Appellate Division,

Office of the Attorney General, Frankfort, for Appellee.

LAMBERT, Chief Justice.

We granted discretionary review to decide whether a single jury instruction allowing a DUI conviction under alternative theories of criminal liability contained in the DUI statute, KRS 189A.010(1), is improper if no separate findings are made as to each of the means of commission of the offense.

The facts giving rise to this issue are as follows. On May 3, 1997, the Chief of Police of Elkhorn City, Paul Floyd, observed the appellant, Troy Evans, driving a pickup truck belonging to Larry Keith Hawkins. Hawkins, who was under court order not to be in the front seat of any vehicle, was in the passenger seat. Chief Floyd followed the truck for 200 feet and then attempted to make a traffic stop using his emergency lights and siren. The truck, however, continued driving for approximately six to twelve minutes—until the police car moved in front of the truck and blocked its path. Evans attempted to back the truck up, but the truck died. Evans then climbed over Hawkins and exited the truck through the passenger door.

Evans told Chief Floyd that another man had been driving the truck but had exited just before the stop. Evans appeared disoriented, his speech was slurred, and his breath smelled of alcohol. Chief Floyd was soon joined by Elkhorn City patrolman Mark May, who took custody of Evans. Evans refused to take field sobriety tests. Officer May then arrested Evans and took him to jail. A Kentucky State Trooper, Kevin Newsome, later administered the Intoxilyzer 5000 breath test to Evans. The machine indicated that Ev-

ans had a blood alcohol concentration of 0.144.

On August 12, 1997, Evans was indicted pursuant to the 'driving under the influence' statute, KRS 189A.010, in Pike Circuit Court for operating a motor vehicle while having an alcohol concentration of or greater than 0.10, or while under the influence of alcohol. This charge embraced two subsections of the DUI statute: KRS 189A.010(1)(a), the *per se* section, and KRS 189A.010(1)(b), the section based upon driving while under the influence of intoxicants.

A jury trial was held on February 10, 1998. The language of the jury instruction mirrored the charge in the indictment. It authorized a finding of guilt if the jury found that Appellant had operated a motor vehicle and that while doing so,

1. The alcohol concentration in his blood or breath was of or above 0.10; OR 2. He was under the influence of alcohol or any other substance which may impair one's driving ability.

The jury convicted Evans of the offense. He thereafter stipulated that he was a fourth-offender under KRS 189A.010, and he was sentenced to five years imprisonment.

Evans appealed to the Court of Appeals, contending that the prosecution should have been required to seek conviction based upon either his alcohol level or his behavior, but not both. Relying on *Commonwealth v. Wirth*,[1] in which this Court held that the prosecution is not required to elect to prosecute a defendant under a single subsection of KRS 189A.010 but may proceed under more than one theory if sufficient evidence is presented, the Court of Appeals affirmed the conviction.

Evans now contends that the instruction was improper because it set forth alterna-

---

**1.** Ky., 936 S.W.2d 78 (1996).

tive means of commission of the offense yet did not require particular findings of elements for conviction under either basis of criminal liability. In support of this argument, he cites *United States v. Gaudin*,[2] in which the United States Supreme Court stated that "criminal convictions [must] rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." Evans maintains that the 'hybrid' DUI instruction thus violated his due process rights because there was no assurance that every statutory element of the offense was proven beyond a reasonable doubt. He contends that since each subsection of 189A.010(1) requires a different *actus reus*, the jury must make a finding that he committed one or the other.[3]

In response, the Commonwealth points out that in *Wirth*[4], relied upon by the Court of Appeals in affirming Evans' conviction, this Court held that when there is evidence to support a DUI conviction under alternative theories of liability, the prosecution is not required to elect only one theory under which to proceed. The Commonwealth also notes that alternative theories of criminal liability may properly be presented in a single instruction when the evidence supports both interpretations of the case and proof of either beyond a reasonable doubt constitutes the same of-

fense.[5] For example, the alternative theories of intentional and wanton murder may be presented in a single instruction, if supported by the evidence, because both constitute the same crime of murder under KRS 507.020.[6]

What Evans seems to have overlooked is that the statutes under review, KRS 189A.010(1)(a) and (b), merely provide different means of committing the same violation. These subsections do not represent different elements of the offense, but alternative means of committing the same offense. While the alternative means do indeed require different acts, the effect is the same and there is no prejudice so long as evidence is presented from which the jury could reasonably believe both of the subsections had been violated.

Based upon the above reasoning, the jury instruction combining two subsections of the DUI statute was proper.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

All concur.

**2.** 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).

**3.** While Evans' argument appears to involve the possibility that the instruction deprived him of a unanimous jury verdict by allowing different jurors to reach different conclusions regarding the manner in which he committed the offense, he explicitly disavows any claim of error regarding the unanimity requirement.

**4.** 936 S.W.2d at 81.

**5.** *Wells v. Commonwealth*, Ky., 561 S.W.2d 85, 88 (1978); *Davis v. Commonwealth*, Ky., 967 S.W.2d 574, 582 (1998); *Bedell v. Com-*

*monwealth*, Ky., 870 S.W.2d 779, 781 (1993); *Ice v. Commonwealth*, Ky., 667 S.W.2d 671, 677 (1984); *see also Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991) (defendant's first-degree murder conviction was not rendered invalid, under the due process clause, by the trial court's failure to require the jury to agree upon whether the defendant was guilty of premeditated murder or felony murder).

**6.** *E.g., Ice v. Commonwealth, supra.*