RENDERED: JANUARY 18, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0386-DG

COMMONWEALTH OF KENTUCKY                                              APPELLANT


V.                        ON REVIEW FROM COURT OF APPEALS
                                  NO. 2017-CA-1665
                               KNOX CIRCUIT COURT
                      NOS. 15-CR-00112 & 15-CR-00112-003


STEVEN D. ROARK                                                       APPELLEE


**OPINION OF THE COURT BY JUSTICE BISIG**

**REVERSING**

Steven Roark was convicted of manufacturing methamphetamine, possession of methamphetamine, and tampering with physical evidence. After a jury trial, the Knox Circuit Court sentenced him to ten years in prison consistent with the jury's recommendation. In this appeal, we granted the Commonwealth's motion for discretionary review of the Court of Appeals' holding that the jury instruction for manufacturing methamphetamine violated Roark's right to a unanimous verdict. After careful review, and finding no error, we reverse the Court of Appeals as to the manufacturing conviction.

**FACTS AND PROCEDURAL HISTORY**

On February 25, 2015, police arrived at a trailer owned by Tonia and Alvin Couch to conduct a welfare check on a minor living in the home. Officers

heard a noise in the back of the trailer, Tonia Couch (Couch) consented to a search and the officer proceeded to the back bedroom. Upon entering the back bedroom, officers found Steven Roark, and others, lying on a mattress feigning sleep. A small, plastic bag of meth and a syringe were discovered lying on the floor next to the mattress. During the search of an attached bathroom, officers found green tubing, a Mountain Dew bottle, coffee filter, and an HCI generator, described as a one-step meth lab, stuffed inside the wall of a bathroom vent.[1] In addition, they found funnels, coffee filters, syringes, and salt on the bathroom cabinet, counter, and shelf, along with a spoon on top of a coffee filter and a clear plastic bag containing clear liquid. There is no dispute that the materials discovered are commonly used in the manufacture of methamphetamine. The officers also discovered a burn barrel outside the trailer, which usually indicates meth-making activity. Roark and others were arrested.

Relevant to this appeal, Roark was charged with one count of manufacturing methamphetamine. During the one-day jury trial, Couch testified that Roark called her a few months after his arrest and apologized for "bringing it in [her] house," but Roark denied making this statement. He testified in his own defense and admitted to being a drug addict and using methamphetamine at the trailer on February 25 but denied residing at the trailer or manufacturing methamphetamine. Roark also emphasized that there

---

[1] Expert testimony described the meth making process and explained how the one-step meth lab the officers discovered "cooks" meth.

was no link between the various indicia of methamphetamine production and Roark other than his mere presence at the scene.

Before closing arguments and before the trial court instructed the jury, the parties and the trial court discussed jury instructions. The trial court read the jury instructions aloud and the relevant jury instruction directed the jury to find Roark guilty of manufacturing meth if it believed that Roark "knowingly manufactured methamphetamine; **OR** . . . knowingly had in his possession with the intent to manufacture methamphetamine" certain meth-making materials. (Emphasis added). Roark objected to this instruction and argued that the Commonwealth should proceed under one theory or the other to prevent a unanimous verdict issue. The Commonwealth responded stating that the evidence would support either theory and that a general unanimous verdict instruction would cure the problem. The trial court agreed that a unanimous verdict instruction would cure the problem and gave an instruction that read, "[t]he verdict of the jury must be in writing, must be unanimous, and must be signed by one of you as foreperson."

Roark tendered his own jury instruction that contained only the theory that he "knowingly had in his possession with the intent to manufacture methamphetamine two or more chemicals, or two or more of the items of equipment for the manufacture of methamphetamine."[2] The jury found Roark

_____

[2] The Court pauses to note that while Roark's tendered instruction would cover the facts supporting possession of two or more chemicals or two or more items of equipment, there was also evidence of a bag of methamphetamine and a "one-step" meth lab introduced in this case. Accepting Roark's proposed instruction would not reflect the full aggregate of evidence presented at trial.

guilty of manufacturing methamphetamine, possession of methamphetamine, and tampering with physical evidence. Consistent with the jury's recommendation, the trial court sentenced Roark to ten years for manufacturing, one year for possession, and one year for tampering, to run concurrently for a total sentence of ten years in prison.

Roark appealed to the Court of Appeals and argued three jury instruction errors, including that he received a non-unanimous and unreliable verdict as to the manufacturing charge because the jury could have convicted him on manufacturing in two different ways—completed manufacture or knowing possession of materials with the intent to manufacture. The Court of Appeals agreed, and determined that the jury instructions created a unanimity error. "Because the jury did not necessarily agree on which instance of manufacturing methamphetamine it based its finding of guilt, its verdict cannot stand and Roark is entitled to a new trial on the charge of manufacturing methamphetamine." The Court of Appeals also instructed the trial court on remand to tailor the jury instructions "to reflect the evidence and require a unanimous verdict regarding a specific factual scenario[.]" *Martin v. Commonwealth,* 456 S.W.3d 1, 8 (Ky. 2015), *overruled on other grounds by Johnson v. Commonwealth,* 676 S.W.3d 405 (Ky. 2023), *and abrogated on other grounds by Sexton v. Commonwealth,* 647 S.W.3d 227 (Ky. 2022).

This appeal followed. Having granted the Commonwealth's motion for discretionary review, heard oral arguments, and carefully considered the

4

record, we reverse the Court of Appeals' holding regarding the manufacturing conviction.

## ANALYSIS

The Kentucky Constitution requires a unanimous verdict in criminal cases. KY. CONST. § 7. The sole issue on appeal is whether Roark's right to a unanimous verdict was violated by a jury instruction that allowed for a conviction based upon either express statutory method of manufacturing methamphetamine under Kentucky Revised Statute (KRS) 218A.1432.

KRS 218A.1432 states

(1) A person is guilty of manufacturing methamphetamine when he knowingly and unlawfully:

> (a) Manufactures methamphetamine; or

> (b) With intent to manufacture methamphetamine possesses two (2) or more chemicals or two (2) or more items of equipment for the manufacture of methamphetamine.

The legislature has specifically prescribed, under the same criminal offense, two methods by which a person can be found guilty of manufacturing methamphetamine. There are various offenses in the Kentucky Penal Code that give alternative ways in which crimes may be committed.

Our standard of review of this alleged unanimity error first hinges on whether Roark preserved this allegation of error. Kentucky Rule of Criminal Procedure (RCr) 9.54(2) provides that

> No party may assign as error the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court

5

instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection.

This issue is properly preserved for our review. Roark objected to the jury instruction allowing the jury to find him guilty under either subsection of KRS 218A.1432—that he knowingly manufactured meth, or that he knowingly possessed, with the intent to manufacture, two or more items of equipment for the manufacture of methamphetamine. In addition, Roark tendered his own proposed instruction that would have allowed the jury to convict him of manufacturing methamphetamine if he "knowingly had in [his] possession with the intent to manufacture methamphetamine two or more chemicals and/or two or more items of equipment for the manufacture of methamphetamine."[3] Therefore, this issue is preserved. Despite proper preservation, we nevertheless hold that the manufacturing methamphetamine jury instruction did not create a unanimity error.

In *Johnson v. Commonwealth*, 134 S.W.3d 563, 567-68 (Ky. 2004), appellant Johnson argued that the Commonwealth failed to introduce evidence

---

[3] In its brief, the Commonwealth argues that the trial court directed the parties to file their tendered jury instructions into the record, but that only the Commonwealth did so. In his brief, Roark argues that he submitted his own jury instructions as requested by the trial court. The record only contains one set of jury instructions, and it is ambiguous at best as to which party tendered the instructions. However, at oral argument, the Commonwealth conceded that this issue is likely preserved but did point out that the tendered instructions included instructions for all five co-defendants, not just Roark. We also note that the tendered instruction for manufacturing methamphetamine located in the record would not have given the jury the option to convict Roark under either statutory subsection (completed manufacture or possession of equipment with intent to manufacture) but instead only would have allowed a conviction if the jury believed Roark possessed equipment with the intent to manufacture. We will resolve the ambiguity in the record in Roark's favor and treat the instructions as though they were tendered by him.

sufficient for conviction under KRS 218A.1432(1)(b), possession of equipment with intent to manufacture, and therefore he was denied his right to a unanimous verdict. The Court equated the manufacturing methamphetamine jury instruction used in Johnson's case, which, as in Roark's case, gave the jury the option to convict for completed manufacture of methamphetamine **or** possession of chemicals or equipment used for manufacture with the intent to manufacture methamphetamine, to a combination jury instruction. *Id.* at 568. A combination instruction permits a jury to convict "of the same offense under either of multiple alternative theories . . . ." *Brown v. Commonwealth,* 553 S.W.3d 826, 839 (Ky. 2018) (citation omitted).

> "A 'combination' instruction permitting a conviction of the same offense under either of multiple alternative theories does not deprive a defendant of his right to a unanimous verdict, so long as there is evidence to support a conviction under either theory." "It is not necessary that a jury, in order to find a verdict should concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon either of two interpretations of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and part upon the other . . . ."

*Cox v. Commonwealth,* 553 S.W.3d 808, 812 (Ky. 2018) (citations omitted).

In *Johnson,* the Court explained that KRS 218A.1432 (a) and (b) are intertwined:

> A necessary inference from proof of actual manufacture is that, at some point in time, he must have had possession of both all the equipment and all the ingredients necessary to manufacture methamphetamine. In other words, just as you can't make an omelet without breaking some eggs, you can't make methamphetamine without having possession of the necessary chemicals and equipment. Nor, as demonstrated in the next section, is it likely that someone would inadvertently combine the chemicals and use the equipment to manufacture

7

methamphetamine by accident. Thus, intent to manufacture can be inferred from the act of manufacturing as well.

134 S.W.3d at 568. The Court concluded that because there was sufficient evidence to convict Johnson under both versions of the manufacturing instruction, no error occurred. *Id.* Just as the statutory methods of manufacturing methamphetamine are intertwined, the evidence of Roark's commission of both crimes was intertwined. A reasonable juror would not have believed that Roark manufactured methamphetamine but did not knowingly possess two or more meth-making materials with the intent to manufacture methamphetamine and vice versa.

In *Wells v. Commonwealth,* 561 S.W.2d 85, 86 (Ky. 1978), Wells was charged with several crimes, including first-degree assault. The jury instructions allowed the jury to convict Wells of first-degree assault if he acted intentionally or if he acted wantonly. *Id.* at 87. The Court reasoned that the first-degree assault statute "brings together two distinct culpable mental states" and "punishes them equally under specified circumstances." *Id.* at 88. Either mental state supported a conviction, and "[t]he legal effect of the alternative conclusions is identical." *Id.* The Court concluded that "a verdict can not be successfully attacked upon the ground that the jurors could have believed either of two theories of the case where both interpretations are supported by the evidence and the proof of either beyond a reasonable doubt constitutes the same offense." *Id.*

The jury instruction in *Wells* allowed the jury to convict under either of two theories of first-degree assault. Similarly, the jury instruction in Roark's

8

case allowed the jury to convict under either of two theories of manufacturing methamphetamine. The manufacturing methamphetamine statute brings together two distinct methods to commit the manufacturing offense and each way is punished equally if the requisite criteria is met. As in *Wells,* either method supported a conviction with an identical "legal effect of the alternative conclusions[.]" *Id.*

In a case directly on point, *Robinson v. Commonwealth,* 181 S.W.3d 30, 37 (Ky. 2005), this Court also characterized a jury instruction that allowed a conviction for either completed manufacture or possession of materials with intent to manufacture as an instruction containing "alternate theories of guilt for the same offense." Upon executing a search warrant police discovered packets of methamphetamine, coffee filters, salt, and a plastic bottle modified for use as an HCI generator, which is an item of equipment used in the final step of methamphetamine manufacture. *Id.* at 33. Robinson was convicted of manufacturing methamphetamine, among other crimes, and argued on appeal that he was denied a unanimous verdict because the instruction contained two theories of guilt.[4] *Id.* at 36.

The *Robinson* Court explained that "[w]hen a jury is presented, in a single instruction, alternate theories of guilt for the same offense, 'each juror's

---

[4] The version of the manufacturing methamphetamine statute in effect at the time of the *Robinson* decision was virtually identical to the current version, except that in *Robinson,* the second method of manufacturing methamphetamine simply required possession of "chemicals or equipment for the manufacture of methamphetamine" with intent to manufacture, rather than requiring possession of "two (2) or more chemicals or two (2) or more items of equipment" with the intent to manufacture.

verdict [must] be based on a theory of guilt in which the Commonwealth has proven each and every element beyond a reasonable doubt.'" *Id.* at 37 (quoting *Burnett v. Commonwealth,* 31 S.W.3d 878 (Ky. 2000), *overruled on other grounds by Travis v. Commonwealth,* 327 S.W.3d 456, 463 (Ky. 2010)). Because the Commonwealth met its burden of proof on each prong of KRS 218A.1432, the Court concluded that the trial court did not err "by instructing the jury as to both prongs, or theories of guilt in this case." *Id.*

Albeit in an unpublished Opinion, this Court also determined that no unanimity violation occurred when the jury was instructed on multiple theories of the manufacturing methamphetamine offense because "the evidence was sufficient to support a conviction based on either the theory that Appellant manufactured methamphetamine, or that he possessed all the necessary methamphetamine manufacturing equipment or ingredients with intent to manufacture." *Willis v. Commonwealth*, No. 2004-SC-0032-MR, 2005 WL 1412482, at *2 (Ky. June 16, 2005) (citing *Wells,* 561 S.W.2d at 97).

Combination instructions, like the one given in Roark's case, reflect "distinct theories of culpability which bear equal punishment . . . ." *Benjamin v. Commonwealth,* 266 S.W.3d 775, 785 (Ky. 2008). This Court has upheld other combination instructions for different offenses, such as murder, *see Hudson v. Commonwealth,* 979 S.W.2d 106, 109 (Ky. 1998), in which a jury instruction allowed a conviction for either intentional or wanton conduct; driving under the influence, *see Evans v. Commonwealth,* 45 S.W.3d 445, 447 (Ky. 2001), in which the jury instruction allowed conviction for having a blood

10

alcohol level above a certain amount or being under the influence of a substance that impairs driving ability, and the Court held that "[w]hile the alternative means do indeed require different acts, the effect is the same and there is no prejudice so long as evidence is presented from which the jury could reasonably believe both of the subsections had been violated."; and fleeing and evading, *see Carroll v. Commonwealth,* No. 2007-SC-0613-TG, 2009 WL 160450, at *1 (Ky. Jan. 22, 2009), in which a jury instruction allowed conviction if the jury found appellant was under the influence or that he created a substantial risk of injury or death by fleeing.

In this case, there was evidence of both theories presented in the jury instruction—completed manufacturing of methamphetamine and possession of two or more pieces of equipment or chemicals with the intent to manufacture methamphetamine. First, completed manufacture was supported by the fact that Roark was found in a trailer with an active methamphetamine lab and a bottle connected to the lab that contained methamphetamine. During the search, police officers discovered the presence of large amounts of salt, coffee filters, a funnel with white residue, a bottle that tested positive for ammonia nitrate, green tubing with a knot tied in it, an HCI generator, suspected lithium strips, spoons, needles, an operational meth lab, and the finished product–methamphetamine. All of these items were found near where Roark was located (and where Tonya testified he had been living) when police arrived. This constituted strong evidence of completed manufacture under KRS 218A.1432(1)(a).

11

The evidence also supported a conviction for manufacturing methamphetamine under the second method, possessing two items of equipment or chemicals with the intent to manufacture methamphetamine. The same items discovered by police as listed above were equipment or chemicals used in the manufacture of methamphetamine. This, paired with the evidence supporting completed manufacture of methamphetamine, constituted sufficient evidence for conviction under KRS 218A.1432(1)(b). *See Johnson,* 134 S.W.3d at 568 (holding that "intent to manufacture methamphetamine can be inferred from the act of manufacturing").

Additional surrounding circumstances also indicated the necessary intent to manufacture methamphetamine. Police discovered methamphetamine in its finished form, and, according to Couch, Roark told her not to let the police in when they knocked on the trailer door. The one-step meth lab was also hidden. Roark also admitted to being a daily methamphetamine user, and he was familiar with methamphetamine and the components used to make it.

If, and only if, both theories are supported by the evidence can a conviction be upheld based on a combination instruction. In prior instances, this Court has reversed convictions when the evidence only supported one theory of a crime and the Court was unable to ascertain whether all jurors based their decision on the sole theory supported by the evidence. *See Boulder v. Commonwealth,* 610 S.W.2d 615, 617 (Ky. 1980) (jury instructions provided alternative grounds for conviction—either the defendant intended to cause

12

serious physical injury or wantonly engaged in conduct that created a risk of death—but the Court held that "it would be clearly unreasonable for a juror to believe that John's conduct was other than intentional"), *overruled on other grounds by Dale v. Commonwealth,* 715 S.W.2d 227 (Ky. 1986); *Hayes v. Commonwealth,* 625 S.W.2d 583 (Ky. 1981) (murder conviction reversed because the jury instructions included alternative theories, intentional or wanton conduct, and there was no evidence of wanton conduct).

The requirement that the Commonwealth must prove beyond a reasonable doubt every fact necessary to constitute the crime with which a defendant is charged is a basic and fundamental protection of the Due Process Clause of the United States Constitution. *Burnett,* 31 S.W.3d at 883 (citing *In re Winship,* 397 U.S. 358, 364 (1970)). Here there was ample evidence to support Roark's conviction under either KRS 218A.1432(1)(a) or (b). Because the Commonwealth proved both theories of the offense beyond a reasonable doubt, there was no error.

Roark argues that the jury instruction created a multiple acts/duplicitous instruction unanimity error. The Commonwealth argued to the Court of Appeals that no unanimity violation occurred, and now, before this Court, asserts that Roark's argument involves an alleged multiple acts/duplicitous instruction error.

> This type of unanimous-verdict violation occurs when a jury instruction may be satisfied by multiple criminal acts by the defendant. When that is the case, and the instruction does not specify which specific act it is meant to cover, we cannot be sure

13

that the jurors were unanimous in concluding the defendant committed a single act satisfying the instruction.

*Martin,* 456 S.W.3d at 7. We disagree, as *Robinson,* 181 S.W.3d at 37, is directly on point and held that the trial court did not err in giving a combination jury instruction providing two theories of guilt, *i.e.,* completed manufacture and possession of chemicals/equipment with intent to manufacture.

In any event, even if the instruction here created a multiple-acts unanimity error, the error would be harmless. A properly preserved constitutional error requires reversal unless it was "harmless beyond a reasonable doubt." *Staples v. Commonwealth,* 454 S.W.3d 803, 827 (Ky. 2014). In again considering the evidence presented at trial, had there been an error, it would have been harmless error beyond a reasonable doubt.[5] But in any event, because the evidence supported a conviction under either theory, there was no error.

## CONCLUSION

Accordingly, for the reasons set forth herein, we reverse the Court of Appeals and affirm the judgment and sentence of the trial court as to Roark's manufacturing conviction. Given this result, and that no party has challenged

---

[5] We take this opportunity to note that, as with crafting any jury instruction, the best practice is to tailor each instruction to the specific evidence presented. If the Commonwealth lacks the evidence to distinguish or specifically describe the crime the jury is to consider, it is likely that its evidence is insufficient to convict. "[I]t is better practice in these instances to either set forth the separate theories on separate verdict forms or when a combination instruction is given, require the jury to specify on the verdict upon which theory they find." *Benjamin,* 266 S.W.3d at 786.

the Court of Appeals' conclusion that double jeopardy principles bar Roark's simultaneous convictions for manufacturing and possession, we remand this matter to the circuit court to vacate the possession conviction and dismiss that charge with prejudice.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

COUNSEL FOR APPELLANT:

Russell M. Coleman
Attorney General of Kentucky

Joseph Beckett
Assistant Attorney General

COUNSEL FOR APPELLEE:

Shannon Dupree
Assistant Public Advocate